**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*, | |
| *Plaintiffs,* | |
| v. | No. 19-07993 (GBD) |
| KENNETH CUCCINELLI, *et al.*, | |
| *Defendants.* | |
| | |
| STATE OF NEW YORK, *et al.* | |
| *Plaintiffs,* | |
| v. | No. 19-cv-07777 (GBD) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | |
| *Defendants.* | |

**MOTION FOR STAY PENDING APPEAL**

Defendants respectfully request that the Court stay these matters until the U.S.

Court of Appeals for the Second Circuit has resolved Defendants' appeal of the Court's

October 11, 2019 Order staying the effective date and preliminarily enjoining the

implementation of the Department of Homeland Security final rule, Inadmissibility on

Public Charge Grounds, 84 Fed. Reg. 41292 (Aug. 14, 2019) (the "Rule"). *See* Orders

Granting Motion for Preliminary Injunction, No. 19-cv-7777, ECF No. 109, No. 19-cv-

7993, ECF No. 146; Notices of Appeal, No. 19-cv-7777, ECF No. 116; No. 19-cv-7993,

ECF No. 152. The parties have met and conferred and Plaintiffs do not consent to this

motion.

1

## INTRODUCTION

On August 20, 2019, Plaintiffs the State of New York, et al., brought suit against Defendants, asserting a number of claims against implementation of the Rule.  No. 19-cv-7777, ECF No. 1. Plaintiffs' claims fall into four categories: (i) the Rule exceeds Defendants' statutory authority in violation of the Administrative Procedure Act ("APA"); (ii) the Rule contravenes various statutes including the Rehabilitation Act; (iii) the Rule is arbitrary and capricious and was promulgated without observance of procedures required by law; and (iv) the Rule violates the Fifth Amendment under the equal-protection doctrine.  *See id.* On August 27, 2019, Plaintiffs Make the Road New York, et al., brought suit against Defendants, asserting a number of claims against implementation of the Rule.  No. 19-cv-7993, ECF No. 1. Plaintiffs' claims fall into the same four categories and also include a Fifth Amendment Due Process claim. *See id.* On September 9, 2019, Plaintiffs in both cases moved for preliminary injunctions based on the foregoing claims.  *See* No. 19-cv-7777, ECF No. 33; No. 19-cv-7993, ECF No. 38. The Court granted Plaintiffs' motion on October 11, 2019, issuing a preliminary injunction against implementation of the Rule and staying its effective date.  *See* No. 19-cv-7777, ECF No. 109; No. 19-cv-7993, ECF No. 146.  Defendants have appealed the Court's preliminary injunction order, *see* No. 19-cv-7777, ECF No. 116; No. 19-cv-7993, ECF No. 152, and filed motions to stay the Court's preliminary injunction pending appeal, *see* ECF No. 19-cv-7777, ECF No. 111; No. 19-cv-7993, ECF No. 149. Defendants have sought stays of the injunction before the U.S. Court of Appeals for the Second Circuit, and expect that their opening brief will be due in December.

The decision on Defendants' appeals of the Court's preliminary injunction orders will have implications for any subsequent briefing in this case.  Because Plaintiffs will

suffer no alleged harm from operation of the Rule in the meantime, due to this and other courts' preliminary injunctions, Defendants respectfully request that the Court stay proceedings in this case until the Second Circuit has rendered decision on Defendants' appeals.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). A stay is especially appropriate "in cases of extraordinarily public moment." *Landis,* 299 U.S. at 256. "There are several reasons why a court might decide to stay proceedings …[f]or example, a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case…." *Lasala,* 399 F. Supp. 2d at 427; *see, e.g., Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 471 (2nd Cir. 1979) (staying all proceedings where one count of the complaint "[would], in all likelihood, turn upon the decision" in a "closely related case before the Supreme Court.").

"[T]he movant 'bears the burden of establishing its need' for such a stay." *Lasala,* 399 F. Supp. 2d at 427 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "[I]f there is even a fair possibility that the stay for which he prays will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id*. Courts in this Circuit apply the five factor test described in *Kappel v. Comfort,* 914 F. Supp. 1056 (S.D.N.Y. 1996) to determine whether to grant a stay. The Court must balance:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

with "the basic goal…to avoid prejudice." *Id.* at 1058.

### (1) The Plaintiffs' Interests

Defendants do not bear a heavy burden to establish their need for the requested stay in this case because there is not even a "fair possibility" that a stay pending resolution of the preliminary injunction appeal would cause harm to the Plaintiffs. *See McCracken v. Versima Sys.*, Case No. 6:14-cv-06248 (MAT), 2018 U.S. Dist. LEXIS 152008, at * 6-7 (W.D.N.Y Sept. 6, 2018) ("The Supreme Court's seminal case on stays *pendente lite* makes it clear that the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward with litigation (i.e., a 'strong showing' of need for a stay) *only* where there is . . . a fair possibility that the stay . . . will work damage to some one else.) (internal citations omitted) (emphasis added).

First, Plaintiffs seek only declaratory and injunctive relief, and their interests are currently protected entirely by a preliminary injunction of the challenged agency action. Regardless of whether the district court proceedings move forward during the pendency of the preliminary injunction appeal, the position of the Plaintiffs will not change during that time. If the Court of Appeals rules in favor of the Defendants, it will by necessity have determined that the Plaintiffs were not entitled to preliminary relief from the application of the challenged Final Rule, and they will be in the same position as they would have been had the improper preliminary injunction never issued. If the Court of Appeals rules in favor of the Plaintiffs, the preliminary injunction will continue in place

through the Court's decision on the merits. Therefore, in either scenario, there is no possibility of any meaningful harm to Plaintiffs caused by a stay of the district court proceedings pending the Second Circuit's decisions on Defendants' appeals of the preliminary injunction.

Second, there are two other completely overlapping nationwide preliminary injunctions of the Final Rule in the Fourth and Ninth Circuits, respectively, which identically protect the Plaintiffs' interests and which may continue beyond the duration of the requested stay.

Third, to the extent Plaintiffs allege that the delay caused by a stay of the district court proceedings in itself constitutes prejudice, "courts have found that 'mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage,'" because "'delay results inherently from the issuance of a stay.'" *McCracken*, 2018 U.S. Dist. LEXIS 152008, at *7 (quoting *Nussbaum v. Diversified Consultants, Inc.*, No. CIV. 15-600, 2015 U.S. Dist. LEXIS 129750, at *2 (D. N.J. Sept. 28, 2015)).

Fourth, to the extent Plaintiffs may allege that delay would prejudice the quality of the evidence available to them, that claim is baseless. This is an APA record-review case, the record has already been assembled and produced to Plaintiffs, and extra-record discovery is impermissible. Second, even if there were additional evidence which Plaintiffs were entitled to pursue, there is nothing to suggest in light of Defendants' record retention policies and the litigation hold in place in this case that a delay of several months pending the resolution of the preliminary injunction appeal would result in the loss of any evidence.

Finally, "none of the other concerns that commonly arise when a stay is sought are present here." *Lasala*, 399 F. Supp. 2d at 430. This is not a case where the Plaintiff "[is] being compelled to stand aside while a litigant in another [case] settle[s] the rule of law that will define the rights of both," rather the Plaintiffs themselves will continue to litigate these issues as the Appellees during the stay. *Id.* (quoting *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manu. Co.*, Case No. 01 Civ. 1044, 2005 U.S. Dist. LEXIS 6780, at *2 (S.D.N.Y. Apr. 19, 2005)). "Similarly, this stay does not delay the [case] indefinitely," but will be lifted after the resolution of the preliminary injunction appeal. *Id.* Additionally, the parties "have not yet incurred significant cost or expended much effort in this action, as proceedings have barely begun." *Id.*

Plaintiffs cannot articulate any concrete way in which they would be prejudiced by a temporary stay of the proceedings in this case. "[I]t does not suffice for any party-plaintiff, defendant, or otherwise-to assert . . . an inherent right [to proceed in litigation] and rest its case on that bald, abstract proposition, without articulating in concrete terms the practical, real life effects of the potential deprivation of that right under the circumstances of the particular case at bar." *Lasala,* 399 F. Supp.2d at 430 & n.58 (quoting *An Giang Agric. & Food Imp. Exp. Co., v. United States,* 350 F. Supp.2d 1162, 1164 n.3 (Ct. Int'l Trade 2004) (alteration in original).

### (2)  The Burden on the Defendants

Conversely, the burden on the Defendants if the stay is denied is clear. Among other reasons, Defendants maintain that the preliminary injunction is improper because Plaintiffs lack standing and their claims are not ripe, and therefore this Court has no jurisdiction to hear their claims. If the Court of Appeals rules in favor of the Defendants

6

on jurisdictional grounds, all of the resources expended during the pendency of the appeal will be irretrievably and unnecessarily lost. Even if the Second Circuit rules in favor of the Plaintiffs or rules in favor of the Defendants on non-jurisdictional grounds, that decision will undoubtedly simplify the issues before this Court and potentially obviate the need for certain proceedings that would otherwise take place during the pendency of the appeal.

### (3) The Interests of the Court

The benefit to the Court in staying further proceedings pending resolution of the preliminary injunction appeal is similarly clear. "[A] court may…properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). Courts in this Circuit routinely stay cases in anticipation of a Supreme Court ruling on a related issue, *see, e.g., Carter v. U.S.*, No. 1:06-225, 2007 U.S. Dist. LEXIS 62735, at *3 (D. Vt. Aug. 23, 2007); *Jugmohan v. Zola*, No. 98-1509(DAB), 2000 U.S. Dist. LEXIS 1910, at *5 (S.D.N.Y. Feb. 25, 2000), and this Court has even granted a stay based on the resolution of a related issue in a different Circuit's Court of Appeals, *see Goldstein v. Time Warner NYC Cable Group*, 3 F. Supp. 2d 423, 437-39 (S.D.N.Y. 1998). The issues in this case are identical to those in the appeal, thus it is even more clear that "it 'would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending [Court of Appeals] decision,' particularly where that decision 'may not settle every question of fact and law before this Court, but in all likelihood it will settle many and simplify them all.'" *Sikhs for Justice*, 893 F. Supp. 2d at 622 (quoting *In re Literary Works in Electronic Databases Copyright Litigation*, Case No. M-21-90, 2001

U.S. Dist. LEXIS 2047, at *3 (S.D.N.Y. March 1, 2001)); *see also, e.g., Ernst v. Dish Network, LLC*, Case No. 12 Civ. 8794 , 2016 U.S. Dist. LEXIS 10724, at *6 (S.D.N.Y. Jan. 28, 2016) ("Proceeding in the absence of such guidance would risk rulings in the present case that are inconsistent with the Supreme Court's eventual ruling in *Spokeo*, requiring vacating or amending them after the fact. The interests of the Court and the public are better served by the issuance of a stay.").

### (4)  The Interests of Non-Parties

As noted *supra*, there are three completely overlapping preliminary injunctions in three different Circuits that preserve the status quo prior to the original effective date of the Final Rule for any individuals or entities that might be impacted by the Rule. Therefore, the requested stay would have no impact on the interests of these non-parties, and this factor weighs in favor of granting the stay.

### (5) The Public Interest

The public interest is directly aligned with that of the Court. For the same reasons discussed in section 3, *supra*, the public interest favors a stay of the proceedings in this matter pending the decision on the preliminary injunction appeal.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this case pending resolution of Defendants' appeals from the Court's entry of the preliminary injunction.

Dated: November 29, 2019                  Respectfully submitted,


                                          JOSEPH H. HUNT
                                          Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

*/s/ Joshua M. Kolsky*
JOSHUA M. KOLSKY
JASON C. LYNCH
ERIC SOSKIN
KUNTAL CHOLERA
KERI L. BERMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
Washington, D.C. 20530
Tel: (202) 305-7664 / Fax: (202) 616-8460
Email: joshua.kolsky@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Joshua M. Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Washington, D.C. 20530
Tel: (202) 305-7664 / Fax: (202) 616-8460
Email: joshua.kolsky@usdoj.gov