**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

STATE OF NEW YORK, CITY OF NEW YORK,
STATE OF CONNECTICUT, and STATE OF
VERMONT,

                                 Plaintiffs,

      -against-

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY; SECRETARY KEVIN K. MCALEENAN,
*in his official capacity as Acting Secretary of the United
States Department of Homeland Security, agent of Acting
Secretary of the United States Department of Homeland
Security*; UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; DIRECTOR KENNETH
T. CUCCINELLI II, *in his official capacity as Acting
Director of United States Citizenship and Immigration
Service*; and UNITED STATES OF AMERICA,

                                 Defendants.

------------------------------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 7777 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs the State of New York, the City of New York, the State of Connecticut, and the State of Vermont commenced this action against Defendants the United States Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), Secretary Kevin K. McAleenan, Director Kenneth T. Cuccinelli II, and the United States of America, challenging Defendants' promulgation, implementation, and enforcement of a rule titled Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (to be codified at 8 C.F.R. pts. 103, 212, 213, 214, 245, 248) (the "Rule"). (Compl. for Declaratory and Injunctive Relief, ECF No. 17.) Shortly after bringing this action, Plaintiffs moved for a preliminary injunction enjoining Defendants from implementing or enforcing the Rule, and for a stay of the

effective date of the Rule, which was scheduled to go into effect on October 15, 2019. (Pls.' Notice of Mot., ECF No. 33.) This Court granted Plaintiffs' motion on October 11, 2019.[1] (Mem. Decision and Order, ECF No. 110; *see also* Order Granting Pls.' Mot. for a Prelim. Inj., ECF No. 109.) Specifically, this Court issued a nationwide injunction, as well as a stay postponing the effective date of the Rule pending adjudication on the merits or further order of the Court. (Mem. Decision and Order at 24.) Defendants now move to stay this Court's preliminary injunction pending resolution of Defendants' appeal of this Court's October 11, 2019 order. (Mot. for Stay of Inj. Pending Appeal, ECF No. 111.)

In assessing whether to grant a stay pending appeal, a court considers four factors: (1) whether the moving party has made a strong showing of its likelihood of success on the merits, (2) whether the moving party will suffer irreparable harm absent a stay, (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "There is substantial overlap between these and the factors governing preliminary injunctions[.]" *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "A stay is not a matter of right, even if irreparable injury might otherwise result," and "is instead 'an exercise of judicial discretion.'" *Id.* at 433 (citations omitted). The party seeking a stay bears the "difficult burden" of demonstrating that a stay is necessary. *Floyd v. City of New York*, 959 F. Supp. 2d 691, 693 (S.D.N.Y. 2013) (quoting *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)).

---

[1] Also on that day, this Court granted the same preliminary injunction and stay in a related action, *Make the Road New York v. Cuccinelli*, No. 19 Civ. 7993 (GBD), 2019 WL 5484638 (S.D.N.Y. Oct. 11, 2019).

Defendants argue that they are likely to succeed on the merits of their appeal. They reallege, as an initial matter, that Plaintiffs fall outside of the zone of interests regulated by the Rule, and that Plaintiffs lack standing because their only possible injuries are speculative downstream effects of the independent decisions of third parties. (Mem. of Law in Supp. of Defs.' Motion for Stay of Inj. Pending Appeal ("Defs.' Mem."), ECF No. 112, at 2–3.) As to the merits, Defendants insist that the new definition of "public charge" set forth in the Rule simply implements the U.S. immigration law principle of self-sufficiency, and therefore falls within Defendants' delegated interpretive authority. (*Id.* at 3–4.) They further argue that this Court "erred in holding that the Rule is arbitrary and capricious based on the Court's view that there was no rational relationship between self-sufficiency and receipt of public benefits." (*Id.* at 5.) In particular, Defendants contend that the Field Guidance on Deportability and Inadmissibility on Public Charge Grounds, 64 Fed. Reg. 28,689 (May 26, 1999) (the "Field Guidance")—which establishes the current framework for determining whether a noncitizen is likely to become a public charge— already "tie[s] the definition of public charge to the receipt of public benefits." (*Id.*)

Defendants assert that the remaining factors justifying a stay are also satisfied. Specifically, Defendants contend that the government and public will suffer irreparable harm absent a stay because DHS will be required to grant lawful permanent residence to noncitizens who are not public charges under the Field Guidance but who would be considered public charges under the new Rule. (*Id.* at 6–7.) According to Defendants, DHS "currently has no practical means of revisiting these determinations" if this Court's injunction is later vacated. (*Id.* at 7.) Moreover, because these noncitizens are "likely" to receive public benefits, the injunction will "inevitably" result in additional government expenditures. (*Id.*) Defendants further argue that the Rule's "future effectiveness is reduced" because "any public benefits received by aliens submitting status

3

adjustment applications before the Rule takes effect will be counted only if they would have been covered by the . . . Field Guidance." (*Id.*) Defendants' other alleged injuries include "significant administrative burdens," such as those associated with delaying training on how to implement the Rule. (*Id.*) Meanwhile, Defendants assert that Plaintiffs will suffer no irreparable harm if a stay is issued during the pendency of an appeal. (*Id.* at 8.) Defendants argue that this Court should, at minimum, issue a stay limiting the scope of its injunction to Plaintiff states. (*Id.*)

These arguments are without merit. Indeed, Defendants' instant motion largely reiterates the same arguments made in their opposition to Plaintiff's motion for a preliminary injunction and stay—all of which this Court rejected.[2] Critically, Defendants have yet to provide a reasonable explanation for redefining "public charge" as someone "who receives one or more public benefits . . . for more than 12 months in the aggregate within any 36-month period." 84 Fed. Reg. at 41,501. As previously noted by this Court, "public charge" has *never* been interpreted as someone who receives 12 months of benefits within a 36-month period; there is *zero* precedent supporting this definition; and there is no indication that Congress expressed any desire to redefine the term, let alone in this manner. Additionally, Defendants' attempt to analogize the Rule to the Field Guidance ignores the key distinction that the Field Guidance drew between cash assistance and long-term institutionalization on the one hand, and supplemental, non-cash benefits on the other.

---

[2] In fact, *every* single court that has considered the Rule has rejected Defendants' argument that they are likely to succeed on the merits and has accordingly issued an injunction. *See Casa de Md., Inc. v. Trump*, No. 19 Civ. 2715 (PWG), 2019 WL 5190689, at *18–19 (D. Md. Oct. 14, 2019) (granting nationwide injunction and stay of effective date of Rule); *Cook Cty. v. McAleenan*, 19 Civ. 6334 (GF), 2019 WL 5110267, at *13–14 (N.D. Ill. Oct. 14, 2019) (granting injunction in Illinois); *City & Cty. of San Francisco v. U.S. Citizenship & Immigration Servs.*, Nos. 19 Civ. 4717 (PJH), 19 Civ. 4975 (PJH), 19 Civ. 4980 (PJH), 2019 WL 5100718, at *53 (N.D. Cal. Oct. 11, 2019) (granting injunction in San Francisco City and County, Santa Clara County, California, Oregon, the District of Columbia, Maine, and Pennsylvania); *Washington v. U.S. Dep't of Homeland Sec.*, No. 19 Civ. 5210 (RMP), 2019 WL 5100717, at *23 (E.D. Wash. Oct. 11, 2019) (granting nationwide injunction and stay of effective date of Rule).

The Field Guidance expressly states that "participation in . . . noncash programs is not evidence of poverty or dependence." 64 Fed. Reg. at 28,692. It further notes that "by focusing on cash assistance for income maintenance, the [government] can identify those who are primarily dependent on the government for subsistence without inhibiting access to non-cash benefits that serve important public interests" and that eligible noncitizens are "legally entitled to receive." *Id.*

Defendants also fail to adequately demonstrate what irreparable injuries the federal government agencies will suffer in the absence of a stay, or how any such alleged injuries outweigh those that Plaintiffs and the public have demonstrated that they will suffer in the absence of an injunction. First, the injunction merely maintains the status quo and the public charge framework that has been in place, with Congress's endorsement, for decades. Defendants seek to upend the status quo without identifying any rational justification or urgent need for doing so. Nor do Defendants provide any plausible basis for their claims that the Rule's "future effectiveness is reduced" with every day that the injunction stays in place, or that they will endure "significant administrative burdens." (*See* Defs.' Mem. at 7.) In contrast, Plaintiffs have demonstrated that they will suffer immediate and irreparable injuries, including proprietary, economic, and programmatic harms, if the injunction is stayed. (Pls.' Opp'n to Defs.' Motion for Stay of Inj. Pending Appeal, ECF No. 117, at 2–3.) Moreover, because the Rule would deter law-abiding immigrants from receiving available benefits to which they are legally entitled, it would undoubtedly make both these immigrants and the public at large more vulnerable to health and economic instability. (*See id.*) In addition, denial of permanent resident status and deportation are the expected results of the immediate implementation of the new Rule.

In short, to stay the injunction would be inconsistent with this Court's underlying findings of Plaintiffs' likelihood of success on the merits, and of the irreparable injury that Plaintiffs,

noncitizens, and the general public would suffer in the absence of an effective injunction.[3] Accordingly, Defendants' motion for a stay of the preliminary injunction pending appeal, (ECF No. 111), is DENIED.

Dated: New York, New York
       December 2, 2019

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] Defendants' cursory argument that this Court should, at minimum, limit the scope of its nationwide injunction is unavailing. They claim that the nationwide scope renders other decisions about the Rule "academic," pointing to two decisions in which two other district courts limited the scope of their injunctions to particular jurisdictions. (Defs.' Mem. at 8.) However, Defendants conveniently ignore that the remaining two district courts to consider the Rule issued a nationwide injunction, similarly to this Court. *See Casa de Md., Inc. v. Trump*, No. 19 Civ. 2715 (PWG), 2019 WL 5190689, at *18–19 (D. Md. Oct. 14, 2019) (granting nationwide injunction); *Washington v. U.S. Dep't of Homeland Sec.*, No. 19 Civ. 5210 (RMP), 2019 WL 5100717, at *23 (E.D. Wash. Oct. 11, 2019) (same). Continued consistent application of the existing immigration laws is the least injurious to those who would be most adversely affected by the Rule's hasty and piecemeal application.