December 6, 2019

The Honorable George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

      RE:    Pre-Motion Discovery Conference in *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, 19-cv-7777 (GBD) ("*State of New York*"); *Make the Road New York, et al.* v. *Ken Cuccinelli, et al.*, 19-cv-7993 (GBD) ("*MRNY*").

Dear Judge Daniels:

      Plaintiffs in these actions respectfully submit this letter motion, pursuant to Local Rule 37.2, to request a pre-motion discovery conference at the Court's earliest convenience to resolve disputes concerning plaintiffs' right to take discovery on their claims under the equal protection guarantee of the Fifth Amendment.[1] The parties held a conference under Fed. R. Civ. P. 26(f) on November 22, 2019, and were unable to resolve this dispute.

      Plaintiffs allege that the challenged rule, Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (the "Rule"), violates the equal protection guarantee of the Fifth Amendment because it is motivated by animus against nonwhite immigrants. MRNY Compl. ¶¶ 201–39; Governmental Pls.' Compl. ¶¶ 174–78. In granting the *MRNY* plaintiffs' motion for a preliminary injunction, the Court held that plaintiffs are likely to succeed on the merits of that claim. *MRNY* Op. at 20–21. (The *State of New York* plaintiffs moved for a preliminary injunction on other grounds, and the Court accordingly had no occasion to address their Equal Protection claim.)

      Defendants asserted during the Rule 26(f) conference that, because plaintiffs *also* assert claims arising under the Administrative Procedure Act ("APA"), plaintiffs are not entitled to fact discovery on *any* of their claims in this matter, including their Fifth Amendment claims. Defendants reiterated this position in their recent motion for a stay of all proceedings in these matters pending appeal, asserting without argument or support that "[t]his is an APA record-review case . . . and extra-record discovery is impermissible." *MRNY* ECF No. 158 at 5. (Plaintiffs intend to respond separately to defendants' stay motion.)

      Defendants' position is contrary to law, irrational, and fundamentally unfair, and should be rejected.

      Plaintiffs' equal protection claims are subject to review under the standard articulated in *Village of Arlington Heights* v. *Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), which requires a "sensitive inquiry into such circumstantial and direct evidence of intent as may be available," *Hayden v. Paterson*, 594 F.3d 150, 163 (2d Cir. 2010). Applying the *Arlington Heights* standard entails a close examination of the facts concerning the challenged government action, including "the impact of the [challenged] official action," the

---

[1] Plaintiffs have filed identical letters on both of the above-referenced dockets.

historical background of the action, "contemporary statements by members of the decisionmaking body," and "the specific sequence of events leading up to the challenged decision." *Arlington Heights*, 429 U.S. at 267–68.

Such a fact-specific inquiry requires discovery regarding each of the relevant factors to "smoke out" discriminatory purpose. *New York* v. *U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 668–69 (S.D.N.Y. 2019), *aff'd in relevant part sub nom.*, 139 S. Ct. 2551 (2019). Thus, cases involving *Arlington Heights* scrutiny routinely involve discovery addressed to those issues. *See, e.g.*, *Floyd* v. *City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013) (considering voluminous evidence, including defendants' internal documents, depositions, and trial testimony, in enjoining New York City's stop-and-frisk program under an *Arlington Heights* analysis).

In this case, plaintiffs are entitled to discovery to support their allegation that the Rule is motivated by animus against nonwhite immigrants. For example, the complaints detail voluminous expressions of racial and ethnic animus by officials who drove and drafted the Rule. MRNY Compl. ¶¶ 201–34; Governmental Pls.' Compl. ¶¶ 174–178. Defendants do not dispute that the alleged statements were made, but have asserted instead that the statements are "disconnected from the Rule" and that plaintiffs' allegations of animus are "based on speculation." PI Opp. Br., *MRNY* ECF No. 129 at 35–36. It is plainly not the case that statements attacking the family-based petition process and targeting immigrants who receive "welfare" are disconnected from the Rule. *See, e.g.*, MRNY Compl. ¶¶ 213–22. But in any case, defendants' assertions highlight the need for discovery into whether the animus expressed by the Rule's proponents and drafters were motivating factors for the Rule. Plaintiffs are similarly entitled to pursue discovery relevant to other *Arlington Heights* factors, such as the Rule's origins in a nativist think tank, the pressure from the White House to speed publication, and the sudden resignations or replacements of agency heads responsible for the Rule. *See* MRNY Compl. ¶¶ 8, 223–33.[2]

The need for discovery would not be lessened if, as defendants erroneously contend, plaintiffs' constitutional claims are subject to review, not by *Arlington Heights*, but under the more lenient rational basis standard. First, it is clear that heightened scrutiny applies to actions by the immigration service when applied to those who reside in United States, including noncitizens subject to the Rule. *Morales-Santana* v. *Sessions*, 137 S. Ct. 1678, 1689–90 (2017) (holding that heightened scrutiny applies to gender-based classifications in INA's citizenship provisions). But even when government action is subject to rational basis review, direct evidence of animus gives rise to a constitutional violation. *See Romer* v. *Evans*, 517 U.S. 620, 632 (1996). Accordingly, discovery into the animus motivating the Rule is necessary and appropriate even if plaintiffs' constitutional claims were subject to rational basis review. *See,*

---

[2] These allegations would similarly justify discovery on plaintiffs' APA claims. *See Sokaogon Chippewa Cmty.* v. *Babbitt*, 961 F. Supp. 1276, 1280 (W.D. Wis. 1997) ("If there are adequate grounds to suspect that an agency decision was tainted by improper political pressure, courts have a responsibility to bring out the truth of the matter."); *see also Tummino* v. *Torti*, 603 F. Supp. 2d 519, 544–45 (E.D.N.Y. 2009) (noting that "the mere existence of 'extraneous pressure' from the White House or other political quarters would render [the agency's] decision invalid" under the APA) (quoting *D.C. Fed'n of Civic Ass'ns* v. *Volpe*, 459 F.2d 1231, 1248–49) (D.C. Cir. 1971). Plaintiffs reserve the right to seek at a later date to supplement the administrative record, or discovery beyond the administrative record on their APA claims. *See Nat'l Audubon Soc.* v. *Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). Plaintiffs received the administrative record on November 26, 2019, and are in the process of reviewing it.

*e.g.*, *Pugiliese* v. *Long Island R.R.*, No. 01 CV 7174 (NGG), 2006 WL 2689600, at *1, *8–10 (E.D.N.Y. Sept. 19, 2006) (denying certain defendants' motion for summary judgment on equal protection claims subject to rational basis review, based in part on evidence adduced through discovery).

Defendants' contention that, because plaintiffs have pleaded claims under the APA, which are generally limited to review of the administrative record, plaintiffs should also be denied discovery on their Equal Protection claims makes no sense. Had plaintiffs asserted only constitutional claims, there could be no argument that they are not entitled to discovery on that claim. The mere fact that plaintiffs have also asserted claims under the APA cannot justify precluding discovery on their independent constitutional claims.

Similar efforts to block discovery on constitutional claims in claims challenging government action have been explicitly rejected by several courts in this Circuit. In *Department of Commerce*, for example—which, like this case, involved claims under both the APA and the equal protection guarantee of the Fifth Amendment—Judge Furman explained:

> [T]he Court should be able to consider evidence outside the Administrative Record designated by the agency and submitted to the Court when evaluating Plaintiffs' equal protection claim. Indeed, it would be nearly impossible to "smoke out" discriminatory purpose if "litigants and courts evaluating whether government actors have engaged in invidious discrimination cannot look beyond the record that those very decisionmakers may have carefully curated to exclude evidence of their true 'intent' and 'purpose.'" Moreover, such a limited inquiry would prevent the Court from conducting the more expansive and searching inquiry into "circumstantial and direct evidence of intent" that *Arlington Heights* requires.

351 F. Supp. 3d at 667 (quoting earlier decision in same case).[3] *See also Saget* v. *Trump*, 375 F. Supp. 3d 280, 368 (E.D.N.Y. 2019) (rejecting defendants' argument that "the Court should limit its review of all Plaintiffs' claims, including its constitutional claims, to the administrative record" because "[t]o constrain judicial review in such a way and to adopt the Government's view is inapposite to the Court's responsibility to 'smoke out' unconstitutional government conduct under the [*Arlington Heights*] doctrine"); *New York* v. *U.S. Dep't of Health & Human Services*, No. 19 Civ. 4676 (PAE), 2019 WL 3531960, at *5 (S.D.N.Y. Aug. 2, 2019) (noting that evidence outside the administrative record could bear on plaintiffs' constitutional claims); *Janfeshan* v. *U.S. Customs & Border Prot.*, No. 16 Civ. 6915, 2017 WL 3972461, at *10, *13 (E.D.N.Y. Aug. 21, 2017) (where plaintiffs brought APA and intentional discrimination claim against a federal agency, ordering case to proceed to discovery on intentional discrimination

---

[3] In related litigation, defendants cited the Supreme Court's decision in *Department of Commerce* in arguing that discovery should not be permitted on constitutional claims absent a "strong showing of bad faith or improper behavior." *E.g.*, Defendants' Mot. to Modify Scheduling Order, *Mayor & City Council of Baltimore* v. *Trump*, No. 18-cv-3636-SAG, ECF No. 75-1 at 2 (D. Md. Nov. 18, 2019). But the Supreme Court's decision makes clear that it considered solely the propriety of extra-record discovery pursuant to plaintiffs' *APA* claims, not their constitutional claims; indeed, the district court had previously ruled in defendants' favor on plaintiffs' constitutional claims, and those claims were not briefed by the parties or before the Supreme Court. *See Dep't of Commerce* v. *New York*, ––– U.S. ––––, 139 S. Ct. 2551, 2574 (2019). *See also id.* at 2569 n.4 (J. Thomas concurring in part, dissenting in part) (explaining that the decision did not encompass "a claim that information outside the administrative record calls into question the legality of an agency action based on an unstated, unlawful bias or motivation").

claim).  The courts in *Department of Commerce* and *Saget* considered documentary evidence as well as deposition transcripts and live testimony in ruling on equal protection after trial, *Department of Commerce*, 351 F. Supp. 3d at 670, and on a motion for preliminary injunction, *Saget*, 375 F. Supp. 3d at 369–74.

Finally, denying plaintiffs the opportunity to take discovery on their constitutional claims would be fundamentally unfair.  The fact-based assessment of animus under *Arlington Heights* or the rational basis standard focuses on information that to a large extent is exclusively in the defendants' possession.  It would be unjust to preclude plaintiffs from seeking discovery needed to establish those claims, and instead to limit admissible evidence of discriminatory purpose to the administrative record curated by the very people accused of wrongdoing.  *See Dep't of Commerce*, 345 F. Supp. 3d at 451–52.[4]

Accordingly, plaintiffs respectfully request that the Court schedule a pre-motion conference at which plaintiffs will seek an order permitting plaintiffs to conduct discovery on their Fifth Amendment claims.

    Respectfully submitted,

    By: */s/* Jonathan H. Hurwitz

    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    Andrew J. Ehrlich
    Jonathan H. Hurwitz
    Elana R. Beale
    Robert J. O'Loughlin
    Daniel S. Sinnreich
    Amy K. Bowles

    1285 Avenue of the Americas

---

[4] To the extent that defendants seek to withhold discovery materials on the basis of privilege, the Court should order defendants to produce a privilege log.  During the parties' Rule 26 conference, defendants acknowledged excluding documents reflecting their deliberations from the administrative record pursuant to the deliberative process privilege.  But that privilege does not does not apply at all where "the party's cause of action is directed at the government's intent in rendering its policy decision," *Children First* v. *Martinez*, No. 04-CV-0927, 2007 WL 4344915 at *7 (N.D.N.Y. Dec. 10, 2007), and thus "the deliberative or decisionmaking process is the 'central issue,'" *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011). "The historical and overwhelming consensus and body of law within the Second Circuit is that when the decision-making process itself is the subject of the litigation, the deliberative process privilege cannot be a bar to discovery." *Children First*, 2007 WL 4344915, at *7 (citing cases).  In any event, to the extent that this Court permits discovery to proceed, defendants must properly log any documents withheld on the basis of privilege.  *See* Fed. R. Civ. P. 26(b)(5).

New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*

LETITIA JAMES

*Attorney General of the State of New York*

By: */s/ Elena Goldstein*
Elena Goldstein, *Deputy Bureau Chief, Civil Rights*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Ming-Qi Chu, *Section Chief, Labor Bureau*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-6201
elena.goldstein@ag.ny.gov

*Attorneys for the State of New York*