

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Keri Berman  Tel.: (202) 305-7538
Trial Attorney  E-mail: keri.l.berman@usdoj.gov

April 28, 2020

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

      Re:    Request to Postpone May 5, 2020, Oral Argument on Defendants'
             Motions to Dismiss in *New York v. U.S. Department of Homeland Security*, No.
             19-7777, and *Make the Road New York v. Cuccinelli*, No. 19-7993

Dear Judge Daniels:

      I represent the defendants in the above-captioned cases. In light of the exigent circumstances associated with coronavirus disease 2019 (COVID-19), the Government requests that the Court postpone the oral argument on the defendants' motions to dismiss currently scheduled for May 5, 2020, at 10:00 a.m. Oral argument was previously adjourned from March 17, 2020 to May 5, 2020, based on circumstances related to COVID-19. Order Granting Letter Motion to Continue, No. 19-cv-7777, ECF No. 165.

      Plaintiffs' request to proceed with the hearing as scheduled is premised on their assertion that they face irreparable harm during the pendency of the lawsuit. However, the Court's preliminary injunction was stayed by the Supreme Court, and remains stayed. *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599 (2020). Similarly, Defendants have not been ordered to provide any discovery materials or other supplementation of the administrative record to Plaintiffs, so Plaintiffs' claim that postponement of the hearing on the motion to dismiss will create a harmful delay in their receipt of such materials is baseless.

      Furthermore, contrary to Plaintiffs' assertions, the public charge rule is not hindering efforts to respond to the COVID-19 pandemic. Defendants have made clear that use of public benefits for medical care specifically related to the COVID-19 outbreak will not be considered as part of the Public Charge inadmissibility analysis:

> To address the possibility that some aliens impacted by COVID-19 may be hesitant to seek necessary medical treatment or preventive services, USCIS will neither consider testing, treatment, nor preventative care (including vaccines, if a vaccine becomes available) related to COVID-19 as part of a public charge

> inadmissibility determination, nor as related to the public benefit condition applicable to certain nonimmigrants seeking an extension of stay or change of status, even if such treatment is provided or paid for by one or more public benefits, as defined in the rule (e.g. federally funded Medicaid).

USCIS, "Public Charge: Alert, COVID-19;" available at: https://www.uscis.gov/greencard/public-charge. Defendants have also provided that aliens otherwise affected by closures and limitations created by COVID-19 may submit documentation thereof for consideration in the totality-of-the-circumstances Public Charge analysis. *Id.* Thus, for purposes of this narrow issue, COVID-19 has not substantially altered the conditions pertaining at the time of the Supreme Court's order. Defendants will oppose both Plaintiffs' new motion for preliminary relief and their unnecessary and prejudicial motion to expedite.

Finally, contrary to Plaintiffs' assertion, conducting the hearing telephonically will needlessly complicate the proceedings. Hearings held by teleconference with multiple participants are unwieldy and disfavored. In circumstances such as these where, as described above, there is no urgency in the proceedings, it is in the interests of both the Court and the parties to postpone. Defendants are prepared to proceed telephonically on the originally scheduled date but respectfully urge the Court to postpone the May 5, 2020 hearing to June 9, 2020.

Respectfully submitted,

/s/
Keri L. Berman

CC: All Counsel of record via ECF.