UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF CONNECTICUT, and STATE OF VERMONT,<br>　　　　Plaintiffs,<br>　　v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KEVIN K. McALEENAN, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH T. CUCCINELLI II, *in his official capacity as Acting Director of United States Citizenship and Immigration Services*; and UNITED STATES OF AMERICA,<br>　　　　Defendants. | **CIVIL ACTION NO.**<br>**19 Civ. 07777 (GBD)** |
| MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, and CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,<br>　Plaintiffs,<br>　　v.<br>KEN CUCCINELLI, in his official capacity as Acting Director of United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; KEVIN K. McALEENAN, in his official capacity as Acting Secretary of Homeland Security; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>　Defendants. | **CIVIL ACTION NO.**<br>**19 Civ. 07993 (GBD)** |

**PLAINTIFFS' MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to 28 U.S.C. § 1657(a), Rule 16 of the Federal Rules of Civil Procedure, and the

Court's inherent authority, Plaintiffs respectfully request that this Court order Defendants to file

any opposition to Plaintiffs' Motion for a Preliminary Injunction or in the Alternative for a

1

Temporary Restraining Order ("Plaintiffs' Motion") by May 1, 2020 so as to allow this matter to be heard at the parties' already-scheduled conference on May 5, 2020 at 10:00 a.m. As described below, and in Plaintiffs' Motion, good cause exists to expedite consideration of this motion given the ongoing public health crisis trigged by the novel coronavirus (COVID-19).[1]

*1.* The rapid and ongoing spread of COVID-19 has caused a nationwide public-health crisis, triggering state and federal declarations of states of national emergency. State and local authorities— including Plaintiffs—are undertaking extraordinary measures to stop the spread of COVID-19 and protect the health of their residents. However, as detailed in Plaintiffs' Motion, the Public Charge Rule, which deters immigrants from accessing healthcare and other public benefits that promote health and well-being, is undermining state and local authorities' efforts to mitigate the spread of the disease. *See* Plaintiffs' Motion at 16-20. Plaintiffs' request for an expedited briefing schedule and an Order setting the hearing on Plaintiffs' motion for May 5, 2020—when the parties are already scheduled to appear before this Court for oral argument on Defendants' motions to dismiss—is in the interest of justice and promotes judicial economy.

The undersigned contacted counsel for Defendants prior to filing this motion to seek Defendants' consent to this request to shorten the time to respond. Defendants stated that they oppose this motion.

*2.* On August 20, 2019, Plaintiffs commenced this action challenging Defendants' promulgation, implementation, and enforcement of a rule, Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (the "Final Rule"), which modified DHS's criteria for determining inadmissibility on public charge grounds. Compl. (ECF Nos. 1 and 17).

---

[1] In the alternative, should this Court not set an expedited briefing schedule, Plaintiffs respectfully request that this Court grant a temporary restraining order enjoining Defendants from implementing the Public Charge Rule until the hearing and determination of Plaintiffs' motion for a preliminary injunction.

On October 11, 2019, this Court issued two orders[2] that preliminarily enjoined the enforcement of the Public Charge Rule on a nationwide basis, and postponed the Rule's effective date pursuant to 5 U.S.C. § 705. (ECF No. 109). On January 27, 2020, the Supreme Court issued a stay of this Court's Orders. Relying on the Supreme Court's stays, Defendants began enforcing the Public Charge Rule nationwide on February 24, 2020.

*3.* By Order dated April 24, 2020, the Supreme Court authorized Plaintiffs to return to the district court, making clear that the stay did "not preclude a filing in the District Court as counsel considers appropriate." *See* Declaration of Elena Goldstein in Support of Plaintiffs' Motion, Ex. 2.

*4.* Plaintiffs therefore respectfully request that the Court set an expedited briefing schedule as follows:

(a) Defendants shall file any opposition to Plaintiffs' motion by May 1, 2020; and

(b) A Preliminary Injunction Hearing shall occur on May 5, 2020 at 10 a.m. or as soon as counsel can be heard.[3]

*5.* This Court has ample authority to expedite this briefing. 28 U.S.C. § 1657(a) provides that district courts "shall expedite" any action "if good cause therefor is shown." Rule 16 of the Federal Rules of Civil Procedure similarly provides that the court may enter a scheduling order for the purpose of "expediting disposition of the action." And, of course, "district courts have

---

[2] On September 9, 2019, the *Make the Road New York* plaintiffs filed a similar motion for a preliminary injunction in Case No. 19-cv-7993(GBD) (S.D.N.Y.), and on October 11, 2019, this Court issued an order enjoining implementation of the Final Rule in that case. These two cases have since been consolidated for pre-trial purposes. (ECF No. 142).

[3] To the extent that the Court would like Plaintiffs to submit a reply to Defendants' opposition, Plaintiffs are prepared to file that reply by May 4, 2020.

the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).

Under any standard, this action merits expedited consideration. Since the Public Charge Rule went into effect, COVID-19 has become a global pandemic with unprecedented and devastating consequences for public health and the economy. As detailed in Plaintiffs' Motion, the Public Charge Rule, by deterring immigrants and their families from accessing necessary medical benefits during this emergency, undermines efforts to contain the spread of disease and save lives. *See* Plaintiffs' Motion at 16-20. Accordingly, time is of the essence; the Rule is actively undermining efforts to control and halt the spread of COVID-19.

An expedited schedule is therefore necessary, in the interest of justice, and avoids depriving the relief requested of its value by coming too late—precisely the type of considerations that warrant expedited judicial review, as explained in the legislative history of § 1657(a). *See* H.R. Rep. No. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784 ("[T]he 'good cause' standard could properly come into play, for example, in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value . . . or actions where the public interest in enforcement of the statute is particularly strong.").

The schedule, giving Defendants until May 1, 2020 to file their opposition, and setting the hearing on Plaintiffs' motion for May 5, 2020, although expedited, is reasonable and warranted under these circumstances.

DATED: April 28, 2020                          Respectfully submitted,

**LETITIA JAMES**
*Attorney General of the State of New York*

By: /s/ *Elena Goldstein*
Elena Goldstein,
  *Deputy Bureau Chief, Civil Rights Bureau*

Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Ming-Qi Chu, *Section Chief, Labor Bureau*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone: (212) 416-6201
elena.goldstein@ag.ny.gov

*Attorneys for the State of New York*

**JAMES JOHNSON**
*Corporation Counsel of the City of New York*

By: /s/ *Tonya Jenerette*
Tonya Jenerette
  Deputy Chief for Strategic Litigation
Cynthia Weaver, Senior Counsel
Doris Bernhardt, *Senior Counsel*
Melanie Ash, *Senior Counsel*
100 Church Street, 20th Floor
New York, NY 10007
Phone: (212) 356-4055
tjeneret@law.nyc.gov

*Attorneys for the City of New York*

**WILLIAM TONG**
*Attorney General of Connecticut*

By: /s/ *Joshua Perry*
Joshua Perry\*
  *Special Counsel for Civil Rights*
165 Capitol Avenue
Hartford, CT 06106-0120
(860) 808-5318
Joshua.perry@ct.gov

*Attorneys for the State of Connecticut*

**THOMAS J. DONOVAN, JR.**
*Attorney General of Vermont*

By: */s/ Benjamin Battles*
Benjamin Battles, *Solicitor General*
Eleanor Spottswood, *Assistant Attorney General*
Julio Thompson,* *Assistant Attorney General*
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-5500
benjamin.battles@vermont.gov

*Attorneys for the State of Vermont*

**Application for admission pro hac vice forthcoming*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*