UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> KENNETH CUCCINELLI, *et al.*, <br> *Defendants*. | No. 19-07993 (GBD) |
| STATE OF NEW YORK, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* <br><br> *Defendants*. | No. 19-cv-07777 (GBD) |

**OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs seek to limit Defendants to less than 72 hours to respond to a lengthy motion to which 27 supporting exhibits are attached and which Plaintiffs have by their own admission had more than a month to prepare. Not only have Plaintiffs failed to demonstrate good cause to expedite the existing motion deadlines of this District, they have provided no reasoning whatsoever to support their specific request that Defendants respond by Friday May 1, 2020 or

1

that the hearing on their motion take place on Tuesday May 5, 2020. Plaintiffs' proposed schedule is blatantly unreasonable and should be rejected.[1]

First, Plaintiffs have neither alleged nor proven that they were incapable of pursuing their requested relief at an earlier date. Although Plaintiffs make reference to the order of the Supreme Court on April 24, 2020 they have not represented to the Court that they were unable to make their motion for preliminary relief prior to that date. Mot. to Expedite, ¶ 3. Indeed Plaintiffs' motion for preliminary relief claims the opposite, that a district court retains jurisdiction to issue or modify preliminary injunctions on the basis of changed circumstances notwithstanding proceedings in higher courts. Mem. in Supp. of Mot. for PI, ECF No. 168, at 13-14. Thus, Plaintiffs' inaction belies their claim of extreme urgency.  Plaintiffs inarguably knew of their alleged harm no later than April 13, 2020 when they sought a modification of the stay of injunction from the Supreme Court. Mem. at 2. However, Plaintiffs' claims suggest that they were aware of their concerns related to the alleged effects of COVID-19 on the implementation of the public charge rule at least as early as the President's declaration of a national emergency on March 13, 2020. Mem. at 5. Plaintiffs' instant motion provides no explanation why after waiting more than a month and a half to request preliminary relief, now "time is of the essence" such that the normal fourteen days afforded for a responsive pleading under SDNY Local Rule 6.1(b) would "depriv[e] the relief requested of its value." Mot. ¶ 5. In fact, as Plaintiffs have represented that they will only file a reply at the request of the Court, Mot. ¶ 4 n.3, normal, non-expedited briefing could be completed only one week after the hearing date Plaintiffs propose.

---

[1] For the reasons stated herein and the reasons which will be stated in Defendants' opposition to Plaintiffs' motion for preliminary relief, Defendants also oppose Plaintiffs' alternative request for a temporary restraining order, Mot. to Expedite p.2 n.1.

Second, even if the Court determines that Plaintiffs have shown good cause to expedite briefing on their motion for preliminary relief, Plaintiffs have provided no reasoned basis whatsoever for their request that Defendants file their response by May 1, 2020 or that the hearing take place on May 5, 2020. The only wisp of justification Plaintiffs attempt to provide is that the parties are already scheduled to appear on an unrelated matter on that same day. There is no substantive relationship between the motion currently set for hearing on May 5 and the motion Plaintiffs seek to expedite, therefore the only gain in economy to the Court or the parties would be in the bare fact of having one hearing instead of two. This same efficiency could be gained by moving the hearing already scheduled for May 5, which is not urgent, to a later date that permits full briefing of the motion for preliminary relief.

Further, as indicated by the Court's suggestion on April 28, 2020 that the existing hearing might be rescheduled to June 9, 2020, and the parties' filings related to that suggestion, Pls.' Request to Maintain Hearing Date, ECF No. 166; Defs.' Request to Postpone Hearing Date, ECF No. 167, there is no special reason why any hearing need take place on May 5, 2020. Moreover, any minimal efficiencies the Court might gain in combining these unrelated hearings would be outweighed by the lack of time available to the Court to fully review and consider the filings.

Even if the Court agrees that Plaintiffs have shown good cause to expedite the normal motions practice schedule and that the hearing should go forward on May 5, Plaintiffs have provided no basis for their request that Defendants file their response by May 1, 2020. As noted above, Plaintiffs have represented that they will not file a reply brief absent an order from the Court. Mot. ¶ 4 n.3. Thus, even if a hearing on the motion for preliminary relief were to go forward on May 5, Plaintiffs should forgo their reply in order to allow more time for Defendants to provide their response.

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' request to expedite and permit the parties to move forward under the briefing schedule established by Local Rule 6.1(b) or such other schedule as the Court deems appropriate under the circumstances.

Dated: April 29, 2020

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

JOSEPH H. HUNT
Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/ *Keri L. Berman* _
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSHUA M. KOLSKY
JASON LYNCH
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12002
Washington, DC 20001
Phone: (202) 305-7538
Fax: (202) 616-8470
Email: keri.l.berman@usdoj.gov