IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF CONNECTICUT, and STATE OF VERMONT,<br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KEVIN K. McALEENAN, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH T. CUCCINELLI II, *in his official capacity as Acting Director of United States Citizenship and Immigration Services*; and UNITED STATES OF AMERICA,<br>Defendants. | Civil Action No.<br>19 Civ. 07777 (GBD) |
| MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, and CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,<br>Plaintiffs,<br>v.<br>KEN CUCCINELLI, in his official capacity as Acting Director of United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; KEVIN K. McALEENAN, in his official capacity as Acting Secretary of Homeland Security; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>Defendants. | Civil Action No.<br>19 Civ. 07993 (GBD) |

**DECLARATION OF JOSEPH B. EDLOW**

I, JOSEPH B. EDLOW, hereby declare as follows:

1. I am United States Citizenship and Immigration Services' (USCIS) Deputy Director for Policy.  In that capacity, I am responsible for developing and overseeing the execution of operational planning, policy, and international engagement at the strategic level for USCIS, including the timely development of operational doctrine, policy, plans, standards and requirements necessary to achieve mission outcomes. Since I began in this position, I have also been charged with overseeing the day-to-day operation of the agency.

2. I have served as Deputy Director for Policy at USCIS since February 19, 2020.

3. I submit this declaration in order to provide additional information regarding how adjudications pursuant to the final rule, Inadmissibility on Public Charge Grounds (hereinafter also, the "Rule"), will be conducted considering the COVID-19 pandemic, and regarding USCIS's March 16, 2020 web posting.

4. I make the following declaration based on my personal knowledge and on information made available to me in the performance of my official duties as Deputy Director for Policy.

## Background

5. On August 14, 2019, the Department of Homeland Security published the Rule.  The Rule describes the factors DHS will consider when determining, in the totality of the circumstances, whether applicants for admission or adjustment of status are likely at any time in the future to become a public charge, which would render them inadmissible, and therefore, ineligible for admission or adjustment of status.  The Rule applies differently to aliens in the United States who have a nonimmigrant visa and seek to extend their stay in the same nonimmigrant classification, or to change their status to a different nonimmigrant classification.  Those aliens must demonstrate that since obtaining the nonimmigrant status they seek to extend or change, they have not received public benefits for more than 12 months, in the aggregate, within any 36-month period beginning on February 24, 2020.

6. The Rule had an effective date of October 15, 2019 but was preliminarily enjoined by various federal district courts prior to that date. The Rule was implemented on February 24, 2020.  All references in the rule to October 15, 2019 are read as February 24, 2020. All of the injunctions were ultimately stayed, and on February 24, 2020, USCIS implemented the Rule nationwide.

## The COVID-19 Outbreak/USCIS Response

7. On March 13, 2020, the President of the United States issued a Proclamation declaring a national emergency retroactive to March 1, 2020, concerning the COVID-19 outbreak.

8. On March 13, 2020, USCIS issued a web alert announcing that USCIS would, as a matter of policy, modify the application of the Rule as a consequence of the COVID-19 outbreak.

9. As the March 13, 2020 alert states:

    "The rule requires USCIS to consider the receipt of certain cash and non-cash public benefits, including those that may be used to obtain testing or treatment for COVID-19 in a public charge inadmissibility determination, and for purposes of a public benefit condition applicable to certain nonimmigrants seeking an extension of stay or change of status. The list of public benefits considered for this purpose includes most forms of federally funded Medicaid (for those over 21), but does not include CHIP, or State, local, or tribal public health care services/assistance that are not funded by federal Medicaid."

    This means that under normal circumstances, Medicaid enrollment would in many, but not all, instances be considered as part of public charge inadmissibility determinations under the Rule, as well as for the public benefits condition applicable to extension of stay and change of status requests. For example, the Rule excludes from consideration the receipt of Medicaid benefits received by aliens who are pregnant (or within the 60-day period beginning on the last day of the pregnancy) or under age 21. Also, the Rule excludes from consideration the receipt of emergency medical services under Medicaid.

10. In order to address concerns raised by the COVID-19 outbreak, however, the March 13, 2020 USCIS alert directs that by policy additional exclusions from consideration will be applied.

11. In pertinent part, the web alert states:

    "To address the possibility that some aliens impacted by COVID-19 may be hesitant to seek necessary medical treatment or preventive services, USCIS will neither consider testing, treatment, nor preventative care (including vaccines, if a vaccine becomes available) related to COVID-19 as part of a public charge inadmissibility determination, nor as related to the public benefit condition applicable to certain nonimmigrants seeking an extension of stay or change of status, even if such treatment is provided or paid for by one or more public benefits, as defined in the rule (e.g. federally funded Medicaid)."

12. Thus, if an alien subject to the Rule enrolls in Medicaid or another public benefit, as defined in the Rule, solely in order to obtain COVID-19-related testing, treatment, or preventative care, that enrollment will not be considered in any determination under the Rule so long as the alien disenrolls from Medicaid once he or she no longer needs COVID-19-related care, or provides evidence of a request to disenroll. Such enrollment will not be a factor in determining whether an alien is likely at any time in the future to

become a public charge, and will not be considered as a negative factor or in any other context in assessing whether the individual has received public benefits for more than 12 months within any 36 month period.  The enrollment will also not be counted for the purposes of determining whether to grant a request for extension of stay or change of status.  Enrollment in any public benefit, including Medicaid, that is not related to COVID-19, and that is not otherwise excluded from consideration under the Rule, will be considered as part of a public charge inadmissibility determinations, as well as for the public benefits condition applicable to extension of stay and change of status requests.

13. In addition, pursuant to the March 13, 2020 alert, USCIS will take a case-by-case approach in considering the weight to afford the receipt of other public benefits used during the time affected by COVID-19 restrictions in the totality of the circumstances analysis. The use of these benefits, which go beyond testing, treatment, or preventative care specifically for COVID-19, would normally be considered a negative factor under the Rule in a public charge inadmissibility determination, but under the March 16, 2020 alert, they may be assessed differently:

> "In addition, if an alien subject to the public charge ground of inadmissibility lives and works in a jurisdiction where disease prevention methods such as social distancing or quarantine are in place, or where the alien's employer, school, or university voluntarily shuts down operations to prevent the spread of COVID-19, the alien may submit a statement with his or her application for adjustment of status to explain how such methods or policies have affected the alien as relevant to the factors USCIS must consider in a public charge inadmissibility determination.  For example, if the alien is prevented from working or attending school and must rely on public benefits for the duration of the COVID-19 outbreak and recovery phase, the alien can provide an explanation and relevant supporting documentation.  To the extent relevant and credible, USCIS will take all such evidence into consideration in the totality of the alien's circumstances."

\* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of May 2020, in Washington, D.C.

_____

JOSEPH B. EDLOW