June 15, 2020

The Honorable George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

>  RE:   *Make the Road New York, et al.* v. *Ken Cuccinelli, et al.*, 19-cv-7993 (GBD) ("*MRNY*"); *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, 19-cv-7777 (GBD) ("*State of New York*").

Dear Judge Daniels:

Plaintiffs in these actions respectfully submit this letter to inform the Court of recent supplemental authority supporting denial of Defendants' pending motion to dismiss.

In *Cook County, Illinois, et al.* v. *Wolf*, No. 19-3169 (7th Cir. June 10, 2020) ("Op.") (enclosed), the Seventh Circuit affirmed a preliminary injunction against the Public Charge Rule at issue here. The court held that the Rule was likely contrary to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(4), and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Op. at 25–31, and arbitrary and capricious, *id.* at 31–39. These holdings strongly support denying Defendants' motion to dismiss the same claims here.

In holding that the Rule likely violated the INA, the court concluded that the statutory term "public charge" "requires a degree of dependence that goes beyond temporary receipt of supplemental in-kind benefits from any type of public agency." Op. at 30. *See* Plaintiffs' Br. in Opposition to Defendants' Mot. to Dismiss ("Plaintiffs' Br."), at 3–8, 29–33. The court also held that the Rule was not justified by the reference to immigrant "self-sufficiency" in the statement of purpose in the 1996 Welfare Reform Act, 8 U.S.C. § 1601(1). The court reasoned that the Act achieved that goal by limiting noncitizen access to certain benefits, and did not

> create a regime that permitted self-sufficiency to trump all other goals, nor did it modify the public-charge provision to penalize receipt of non-cash as well as cash assistance.

Op. at 29–30. *See* Plaintiffs' Br. at 34–35. The court further held that "[t]he conclusion is inescapable that the Rule penalizes disabled persons in contravention of the Rehabilitation Act." Op. at 28. *See* Plaintiffs' Br. at 55–56.

Finally, the court concluded that the Rule was likely arbitrary and capricious because, in enacting the Rule, DHS

> did not acknowledge or address the significant, predictable collateral consequences of the Rule; incorporated into the term "public charge" an understanding of self-sufficiency that has no basis in the statute it supposedly interprets; and failed to address

critical issues such as the relevance of the five-year waiting period for immigrant eligibility for most federal benefits.

Op. at 38–39.  *See* Plaintiffs' Br. at 45–54.

Respectfully submitted,

By: */s/* Jonathan H. Hurwitz

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit

Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*

**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Ming-Qi Chu*
Ming-Qi Chu
   *Section Chief, Labor Bureau*
Matthew Colangelo
   *Chief Counsel for Federal Initiatives*
Elena Goldstein
   *Deputy Bureau Chief, Civil Rights*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-8689
Ming-qi.chu@ag.ny.gov

*Attorneys for the States of New York, Connecticut, and Vermont and the City of New York*

Enclosure