

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Keri Berman  Tel.:  (202) 305-7538
Trial Attorney  E-mail:  keri.l.berman@usdoj.gov

June 19, 2020

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

       Re:    Response to Plaintiffs' statement of supplemental authority in *New York v. U.S. Department of Homeland Security*, No. 19-7777, and *Make the Road New York v. Cuccinelli*, No. 19-7993

Dear Judge Daniels:

      I represent the defendants in the above-captioned cases. On June 10, 2020, the Seventh Circuit issued a split decision affirming the Northern District of Illinois' geographically limited preliminary injunction of the Public Charge Rule, *Cook County v. Wolf*, No. 19-3169 ("Op."), the same Rule at issue in the above-referenced matters. The Northern District's preliminary injunction remains stayed by order of the Supreme Court.

      Contrary to Plaintiffs' assertion in their letter of June 15, 2020, the Seventh Circuit's decision does not support denial of Defendants' motion to dismiss.  The Seventh Circuit unanimously rejected plaintiffs' central argument that the term "public charge" has a longstanding meaning that Congress has implicitly adopted.  "Never," the court explained, "did [Congress] define 'public charge' or explain what degree of reliance on government aid brands someone as" a public charge.  Op. 20.  Instead, the majority properly recognized that "[w]hat has been consistent is the delegation from Congress to the Executive Branch of discretion" to make public-charge determinations.  Op. 25.

      The majority nonetheless concluded that the Rule was unlawful because it was in "tension[]" with provisions of the Welfare Reform Act that authorize some aliens to obtain public benefits covered by the Rule.  Op. 29-30.  First, Plaintiffs in the instant cases have made only the barest attempt to assert similar arguments, and did not meaningfully respond to Defendants' challenges to those claims. *See* Pls.' Opp. to Defs.' Mot. to Dismiss, 19-cv-7777

ECF No. 145, pp. 42-43.  Second, as the dissent explained, the majority's reasoning was flawed in several respects.  *See* Dissent 59-69.  Among other things, the majority improperly dismissed as irrelevant "obviously significant" statutory provisions which strongly support the Rule.  Dissent 59-66.  Moreover, the majority's conclusion that DHS cannot consider benefits authorized by Congress would render the public charge provision "a dead letter," as the provision presupposes that an alien is eligible for public support.  Dissent 67.  And the view that Congress desired the admission of aliens who the government expected to use the public benefits authorized by the Welfare Reform Act is a "totally implausible" interpretation of the Act, which was designed to ensure that aliens not rely on public benefits to meet their needs.  Dissent 68.

The majority also addressed the relevance of the Rehabilitation Act and an arbitrary-and-capricious challenge, which the parties had briefed only in passing.  For the reasons the government has explained, those arguments are meritless.  *See* Defs.' Mot. to Dismiss, 19-cv-7777 ECF No. 141, pp. 28-30, 32-39; *City & Cty. of San Francisco v. USCIS*, 944 F.3d 773, 779-805 (9th Cir. 2019).

        Respectfully submitted,

        /s/
        Keri L. Berman

CC: All Counsel of record via ECF.