August 20, 2020

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl St., Room 1310
New York, NY 10007

Re:   *Make the Road New York, et al.* v. *Cuccinelli, et al.*, No. 19 Civ. 7993 (GBD) ("*MRNY*"); *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, No. 19 Civ. 7777 (GBD) ("*State of New York*")

Dear Judge Daniels:

        Plaintiffs in these consolidated cases submit this letter to renew their request, pursuant to Local Rule 37.2, for a pre-motion discovery conference to resolve disputes concerning plaintiffs' right to take discovery on their claims that the Rule[1] violates the equal protection guarantee of the Fifth Amendment because it is motivated by animus against nonwhite immigrants.  *See MRNY* Compl. ¶¶ 201–39; *State of New York* Compl. ¶¶ 174–78.[2]

        Plaintiffs previously requested a pre-motion discovery conference by letter motion on December 6, 2019, *MRNY* ECF No. 162; *State of New York* ECF No. 125, and defendants filed their response on December 20, 2019, *MRNY* ECF No. 168; *State of New York* ECF No. 131.  The Court originally scheduled a conference for March 17, 2020. *MRNY* ECF No. 173; *State of New York* ECF No. 136.  That conference was adjourned in light of the COVID-19 pandemic.  *MRNY* ECF No. 201; *State of New York* ECF No. 165. The Court subsequently denied plaintiffs' letter motion for a pre-motion discovery conference on May 14, 2020, "without prejudice to renew, if applicable, after this Court renders a decision on Defendants' pending motions to dismiss."  *MRNY* ECF No. 209; *State of New York* ECF No. 182.

        On July 29, 2020, the Court substantially denied defendants' motions to dismiss.  Your Honor found that plaintiffs state a claim that the Rule violates the equal protection guarantee of the Fifth Amendment, under both rational basis scrutiny and the standard set forth in *Village of Arlington Heights* v. *Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977).  *MRNY* ECF No. 221 at 13–14; *State of New York* ECF No. 195 at 13–14.  The Court concluded that, "[d]rawing reasonable inferences in Plaintiffs' favor, Plaintiffs have plausibly alleged that issuance of the Rule was based, at least in part, on discriminatory motives."  *MRNY* ECF No. 221 at 15; *State of New York* ECF No. 195 at 15.  The Court has also found that plaintiffs are likely to succeed on the merits of their equal protection claims.  *MRNY* ECF No. 147 at 20*, aff'd without reaching the equal

---

[1] Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019).

[2] Plaintiffs are currently seeking discovery only on their equal protection claims, and reserve the right to seek discovery at a later date on their claims under the Administrative Procedure Act.

*protection issue*, *New York* v. *U.S. Dep't of Homeland Sec.*, 2020 WL 4457951 (2d Cir. Aug. 4, 2020).

In light of the Court's decision denying defendants' motions to dismiss the equal protection claims, plaintiffs now renew their motion seeking a pre-motion discovery conference pursuant to Local Rule 37.2 to resolve the parties' disputes concerning plaintiffs' right to take discovery on their equal protection claims. Plaintiffs previously advised the Court that another case concerning the public charge Rule has allowed plaintiffs to proceed with discovery on substantially similar equal protection claims. *MRNY* ECF No. 207; *State of New York* ECF No. 178; *see State of Washington* v. *U.S. Dep't of Homeland Sec.*, No. 19-cv-5210-RMP (Apr. 17, 2020), ECF No. 210 (granting motion to compel discovery on equal protection claims because "[g]iven the inquiry required to determine whether the relevant decisionmakers manifested a discriminatory purpose, . . . reasonable discovery beyond the administrative record is appropriate under the broad standard provided by Fed. R. Civ. P. 26").[3]

In May, another court found that similarly situated plaintiffs were entitled to extra-record discovery on their claim that the Rule violates equal protection. In *Cook County, Ill.* v. *Wolf*, 2020 WL 2542155 (N.D. Ill. May 19, 2020) (Ex. A), Judge Feinerman explained that "because evidence of racial animus (if any) will reside outside the administrative record," and "particularly given that its equal protection claim survives dismissal, [the organizational plaintiff] is entitled to discovery on that claim." *Id.* at *10. The court also found that the organizational plaintiff was entitled to extra-record discovery even under the APA because it "makes a strong showing that DHS's stated reason for promulgating the Final Rule—protecting the fisc—obscures what [the organizational plaintiff] alleges is the real reason—disproportionately suppressing nonwhite immigration." *Id.* at *11.[4]

Defendants have indicated that their position is that "a discovery conference is unnecessary and that, instead, the parties should brief the issue of whether discovery should be permitted in this case." Defendants' position is inconsistent with Local Rule 37.2, which states that no discovery motion "shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference . . . and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." S.D.N.Y. L.R. 37.2. Plaintiffs believe that the dispute concerning their right to take

---

[3] In June, the *Washington* court denied DHS's motion to stay discovery with respect to the equal protection claim pending the resolution of its motion to dismiss. *State of Washington* ECF No. 229.

[4] Last month, the *Cook County* court declined to certify for interlocutory appeal the court's decision denying DHS's motion to dismiss the equal protection claim and ordering extra-record discovery on the organizational plaintiff's equal protection claim. The *Cook County* court noted that an interlocutory appeal would not advance the litigation because even if the equal protection claim were dismissed, plaintiffs "still would be entitled to take precisely the same discovery in connection with their APA claims." *Cook County* ECF. No. 184 at 3.

3

discovery on their equal protection claims can be resolved by a pre-motion conference without further briefing because the issue has been fully addressed in the parties' pre-motion letters and the decisions in other public charge cases that we have submitted as supplemental authority.  *See* Ex. A; *MRNY* ECF Nos. 162, 168, 207; *State of New York* ECF Nos. 125, 131, 178.

Plaintiffs are prepared to discuss these matters at a pre-motion discovery conference and to answer any questions the Court may have.

Respectfully submitted,

*/s/ Daniel S. Sinnreich*
Daniel S. Sinnreich

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445

gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*


**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Ming-Qi Chu*
Ming-Qi Chu
   *Section Chief, Labor Bureau*
Matthew Colangelo
   *Chief Counsel for Federal Initiatives*
Elena Goldstein,
   *Deputy Chief, Civil Rights Bureau*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-8689
Ming-qi.chu@ag.ny.gov

*Attorneys for the States of New York, Connecticut, and Vermont and the City of New York*

Enclosure

cc: All Counsel of Record via ECF