20-2537
*New York v. DHS*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 10, 2020

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Submitted: August 19, 2020    Decided September 11, 2020)

Docket No. 20-2537

_____

STATE OF NEW YORK, CITY OF NEW YORK, STATE OF CONNECTICUT, STATE OF VERMONT, MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, (ARCHDIOCESE OF NEW YORK), CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,

*Plaintiffs-Appellees*,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SECRETARY CHAD F. WOLF, IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR KENNETH T. CUCCINELLI II, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES OF AMERICA,

*Defendants-Appellants*.

_____

Before:  LEVAL AND LYNCH, *Circuit Judges*.*

    In appealing from a preliminary injunction granted to the plaintiffs by the United States District Court for the Southern District of New York (Daniels, *J.*), the defendant Department of Homeland Security ("DHS") moves to stay the preliminary injunction pending resolution of this appeal. We conclude that the moving party has demonstrated

1

---

* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable, and the motion is being adjudicated by the two available members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

CERTIFIED COPY ISSUED ON 09/11/2020

likelihood of success on the merits as we doubt that the district court had jurisdiction to issue the preliminary injunction while this Court was considering an appeal from a prior, virtually identical preliminary injunction. Accordingly, we stay the preliminary injunction pending further order of this Court by the panel charged with deciding its merits.

_____

    Judith N. Vale, Senior Assistant Solicitor General, State of New York, New York, NY (Letitia James, Attorney General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, Matthew Colangelo, Chief Counsel for Federal Initiatives, Elena Goldstein, Deputy Bureau Chief, Civil Rights, Ming-Qi Chu, Section Chief, Labor Bureau, State of New York, New York, NY, William Tong, Attorney General, State of Connecticut, Hartford, CT, Thomas J. Donovan, Jr., Attorney General, State of Vermont, Montpelier, VT, James E. Johnson, Corporation Counsel, City of New York, New York, NY, *on the brief*), *for Plaintiffs-Appellees State of New York, City of New York, State of Connecticut, State of Vermont.*

    Jonathan H. Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Andrew J. Ehrlich, Elana R. Beale, Robert J. O'Loughlin, Daniel S. Sinnreich, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, Ghita R. Schwarz, Brittany Thomas, Baher A. Azmy, Center for Constitutional Rights, New York, NY, Susan E. Welber, Kathleen Kelleher, Susan Cameron, Hasan Shafiqullah, The Legal Aid Society of New York, New York, NY, *on the brief*), *for Plaintiffs-Appellees Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services, (Archdiocese of New York), Catholic Legal Immigration Network, Inc.*

    Gerard Sinzdak, Appellate Staff Attorney, Civil Division, United States Department of Justice, Washington, DC (Joseph H. Hunt, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC, Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, Daniel Tenny, Joshua Dos Santos, Appellate Staff Attorneys, Civil Division, United States Department of Justice, Washington, DC *on the brief*), *for Defendants-Appellants United States Department of*

2

*Homeland Security, Acting Secretary Chad F. Wolf, United States Citizenship and Immigration Services, Acting Director Kenneth T. Cuccinelli, United States of America.*

William E. Havemann, Office of General Counsel, United States House of Representatives, Washington, DC (Douglas N. Letter, General Counsel, Todd B. Tatelman, Principal Deputy General Counsel, Megan Barbero, Josephine Morse, Adam A. Grogg, Office of General Counsel, United States House of Representatives, Washington, DC, Robert M. Loeb, Thomas M. Bondy, Peter E. Davis, Orrick, Herrington & Sutcliffe LLP, Washington, DC, Rene Kathawala, Orrick, Herrington & Sutcliffe LLP, New York, NY, *on the brief*), *for Amicus Curiae* United States House of Representatives, *in support of Plaintiffs-Appellees*.

_____

PER CURIAM:

On January 27, 2020, the Supreme Court stayed a preliminary injunction issued by the United States District Court for the Southern District of New York (George B. Daniels, *J*.) that had enjoined the Department of Homeland Security ("DHS") from implementing a final rule setting out a new agency interpretation of our immigration law that expands the meaning of "public charge" in determining whether a non-citizen is admissible to the United States. While the appeal of that preliminary injunction was pending before us, the district court issued a new, nationwide, preliminary injunction preventing DHS from enforcing that same rule based on its finding that the COVID-19 pandemic heightened the need for the stay. The initial issue here is whether the district court had jurisdiction to enter a second preliminary injunction, given the then pending appeal of the first injunction. Because DHS has demonstrated likelihood of success on the merits, given our doubt that

3

the district court had jurisdiction to enter the preliminary injunction while its prior, virtually identical injunction was pending appeal before this Court, we grant DHS's motion to stay.

## PROCEDURAL HISTORY

This case involves a challenge to the implementation of a DHS rule that introduced a new framework for determining the admissibility of non-citizens to the United States, expanding the meaning of the "public charge" ground of inadmissibility, *see* 8 U.S.C. § 1182(a)(4), to include significantly more people than would have been found inadmissible under previous administrative understandings of that ground. *See* Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) ("the Rule" or "the Final Rule"). In October 2019, the district court enjoined DHS from implementing the Rule anywhere in the United States, in a set of orders in two now consolidated cases. *New York v. Dep't of Homeland Sec.,* No. 19-cv-7777 (S.D.N.Y.); *Make the Road New York v. Cuccinelli*, No. 19-cv-7993 (S.D.N.Y.). Several other district courts, in the District of Maryland, the Northern District of Illinois, the Northern District of California, and the Eastern District of Washington, issued similar preliminary injunctions prohibiting DHS's enforcement of the Rule nationwide. *See CASA de Maryland, Inc. v. Trump,* No. 19-cv-2715 (D. Md.); *Cook Cty. v. Wolf,* No. 19-cv-6334 (N.D. Ill.); *City and Cty. of San Francisco v. USCIS,* No. 19-cv-4717 (N.D. Cal.); *California v. Dep't of Homeland Sec.,* No. 19-cv-4975 (N.D. Cal.); *Washington v. Dep't of Homeland Sec.,* No. 19-cv-5210 (E.D. Wash.).

4

DHS appealed the October 2019 preliminary injunctions, and a motions panel of this Court denied its motion to stay the injunctions pending its appeal. *New York v. U.S. Dep't of Homeland Sec.*, No. 19-3591, 2020 WL 95815 (2d Cir. Jan. 8, 2020). While that appeal was pending in this Court, the Supreme Court granted DHS's application for a stay of the injunction:

> [The] October 11, 2019 orders granting a preliminary injunction are stayed pending disposition of the Government's appeal in the United States Court of Appeals for the Second Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is timely sought. Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

*Dep't of Homeland Sec. v. New York*, --- U.S. ---, 140 S. Ct. 599, 206 L.Ed.2d 115 (2020). With the district court's preliminary injunctions thus stayed, the Rule went into effect nationwide.

In April 2020, the Plaintiffs asked the Supreme Court to modify its stay of the injunction during the pendency of the national emergency caused by the COVID-19 virus. The Supreme Court denied the request but suggested an alternative route to potential relief, noting that "[t]his order does not preclude a filing in the District Court as counsel considers appropriate." *Dep't of Homeland Sec. v. New York*, --- S. Ct. ---, 206 L.Ed.2d 847, 2020 WL 1969276, at *1 (Apr. 24, 2020).

The Plaintiffs returned to the district court. Notwithstanding that the court had already granted a preliminary injunction against implementation of the Rule, the merits of which were on appeal before this Court, and which had been stayed by the Supreme Court,

5

the Plaintiffs filed a new motion for a preliminary injunction. They argued that the COVID-19 pandemic dramatically increases the public harm caused by the Rule, because the Rule deters non-citizens from getting tested for COVID-19 or seeking treatment, thus impeding efforts to prevent COVID-19's spread, and puts the non-citizens themselves at a particular risk given that they make up a significant portion of the work force in essential industries that have continued to work throughout the pandemic and been disproportionately impacted by COVID-19. DHS opposed the motion, asserting that the district court lacked jurisdiction to issue a preliminary injunction while DHS's appeal of the initial preliminary injunction was before this Court.

The district court issued a new injunction on July 29, 2020, concluding that the Rule "impedes public efforts . . . to stem the spread of the disease." *New York v. U.S. Dep't of Homeland Sec.*, No. 19-cv-7777, 2020 WL 4347264, at *10 (S.D.N.Y. July 29, 2020). It found that it had jurisdiction to issue another preliminary injunction despite "[o]verlapping legal issues" with the prior injunction then pending on appeal before us, because of the new COVID-19-related evidence and because the district court is better suited to make factual findings and provide narrowly tailored relief than an appellate court. *Id*. at *9. It opined that this new, nationwide preliminary injunction did not contravene the Supreme Court's stay of the initial preliminary injunction, reasoning that there was "no indication that the Supreme Court disagreed with [its] analysis of the merits," and that the Supreme Court's stay was issued "on a significantly different factual record." *Id*. Although the district court concluded that it had jurisdiction to issue a new preliminary injunction, it

6

acknowledged the possibility that we might have a different opinion and explained that "[s]hould the Second Circuit determine that this Court does not presently have jurisdiction to issue this injunction and remand[ ] this case for the purpose of further considering the Plaintiffs' present motion, this Court would issue a preliminary injunction based on factual findings as set forth herein." *Id*. at *14.

Just days later, on August 4, 2020, we ruled on DHS's appeal of the initial preliminary injunctions entered in October 2019. *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42 (2d Cir. 2020). Addressing only those preliminary injunctions, we affirmed the district court's rulings in part. We agreed with the district court that the Plaintiffs are likely to succeed on the merits of their claim that the Rule is arbitrary and capricious, that the Plaintiffs had shown that they would suffer irreparable injury if the Rule's implementation was not enjoined, and that the public interest favored a preliminary injunction given DHS's acknowledgment that the Rule "will likely result in '[w]orse health outcomes, including increased prevalence of obesity and malnutrition, . . . [i]ncreased prevalence of communicable diseases, . . . [i]ncreased rates of poverty and housing instability[,] and [r]educed productivity and educational attainment.'" *Id*. at 87 (quoting 83 Fed. Reg. at 51,270). Although we therefore upheld the preliminary injunctions blocking the Rule, we narrowed the scope of the injunctions to the States within this Circuit – New York, Connecticut, and Vermont – each of which had joined in this suit and demonstrated that it and its citizens would suffer irreparable injury from the Rule. We noted the skepticism of the Supreme Court toward nationwide injunctions in these very

7

cases, *see Dep't of Homeland Sec. v. New York,* 140 S. Ct. at 599-601 (Gorsuch, *J.*, concurring in the grant of stay), and concluded that, to the extent that the issuance of such injunctions would in some cases be appropriate, the "issuance of unqualified nationwide injunctions is a less desirable practice where, as here, numerous challenges to the same agency action are being litigated simultaneously in district and circuit courts across the country. It is not clear to us that, where contrary views could be or have been taken by courts of parallel or superior authority, entitled to determine the law within their own geographical jurisdictions, the court that imposes the most sweeping injunction should control the nationwide legal landscape." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d at 88. Thus, we found no need for a broader injunction, particularly given the Supreme Court's stay, which remains in effect "not only through our disposition of the case, but also through the disposition of DHS's petition for a writ of certiorari, should DHS seek review of this decision." *Id*.

DHS now appeals the district court's second nationwide preliminary injunction. Currently before us is its motion to stay the new injunction and allow the Rule to remain in effect during our consideration of this new appeal.

## DISCUSSION

The factors relevant in assessing a motion for a stay pending appeal are the applicant's "strong showing that he is likely to succeed on the merits," irreparable injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The first

8

two factors are the most critical, but a stay "is not a matter of right, even if irreparable injury might otherwise result"; rather, a stay is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion." *Id*. at 433-34 (internal quotation marks omitted).

In our view, DHS has shown that it is likely to succeed on the merits, primarily because we doubt that the district court had jurisdiction to issue the July 29 preliminary injunction while the appeal of its virtually identical prior preliminary injunction was pending before this Court. We also doubt whether the nationwide application of the injunction was proper in light of the considerations we set forth in *New York v. Dep't of Homeland Sec.*, which was not available to the district court at the time it issued the second injunction. Finally, we conclude that DHS has shown irreparable injury from the district court's prohibition on effectuating the new regulation.

The filing of a "timely and sufficient notice of appeal" divests the district court of jurisdiction "as to any matters involved in the appeal" or "as to the matters covered by the notice." *Leonhard v. U.S.*, 633 F.2d 599, 609-10 (2d Cir. 1980); *accord Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)). In our view, the Supreme Court's response to Plaintiffs' April 2020 motion to lift or modify the stay of the initial preliminary injunction, that its "order does not preclude a filing in the District Court as counsel considers appropriate," *Dep't of*

9

*Homeland Sec. v. New York*, 2020 WL 1969276, at *1, does not mean the district court was vested with jurisdiction.

We have held that "once a notice of appeal has been filed, a district court may take actions only 'in aid of the appeal or to correct clerical errors.'" *Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F. 2d 1014, 1017 (2d Cir. 1988) (quoting *Leonhard,* 633 F.2d at 609-10)). We are not persuaded by the district court's reliance on instances where we have found district courts had jurisdiction during the pendency of an appeal. In *Webb v. GAF,* 78 F.3d 53 (2d Cir. 1996), for example, we dismissed an appeal of a preliminary injunction as moot, when during the pendency of the appeal of the preliminary injunction, the district court decided pending post-trial motions in accordance with jury determinations, and made a dispositive ruling on the merits of the case that rendered the injunction permanent. *See Webb,* 78 F.3d at 53-56. *Webb* is not analogous to the instant case: There the district court proceeded with the case on the merits, which resulted in a permanent injunction that mooted the preliminary relief that was the subject of the appeal; here, in contrast, the district court undertook to reconsider the very preliminary injunction that was under review in this Court, and simply provided new reasons to justify the preliminary relief itself.

Nor, in our view, does *International Ass'n of Machinists and Aerospace Workers, AFL-CIO,* support the district court's exercise of jurisdiction. There, we held that where an appeal of an injunction is pending, Federal Rule of Civil Procedure 62 grants the district court specific authority to "suspend, modify, restore, or grant an injunction during the

10

pendency of the appeal," but that the Rule should be "narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo." 847 F.2d at 1018 (quoting Fed. R. Civ. P. 62(c)). Here, the district court did not attempt to preserve the status quo. In January, the Supreme Court stayed the initial preliminary nationwide injunctions in their entirety "pending disposition of the Government's appeal in the United States Court of Appeals for the Second Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is timely sought." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. at 599. The district court's injunction thus disrupted the status quo by imposing an injunction where the Supreme Court had stayed the preexisting injunctions.

Nor did our August 4, 2020, ruling on the merits of the district court's October 2019 preliminary injunction retroactively cure the district court's apparent lack of authority. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (stating that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). Our ruling addressed the merits of the original preliminary injunction that had been stayed by the Supreme Court. Our ruling affirmed the grant of preliminary relief but limited its scope. We did not address – nor did the district court – the jurisdictional impact of the Supreme Court's stay pending a timely petition by the Government for a writ of certiorari. We did, however, modify the injunction to limit its reach to the three plaintiff states that make up this Circuit. Whether or not the pandemic affects the balance of equities favoring preliminary relief, it is not

obvious that the effects of the pandemic bear on the considerations that led us to modify the district court's initial injunction.

Accordingly, we conclude that DHS has shown a likelihood of success on the merits based primarily on the district court's apparent lack of jurisdiction to issue the preliminary injunction during the appeal of its prior, virtually identical injunction (coupled with DHS's showing of irreparable harm resulting from its inability to enforce its regulation).

## CONCLUSION

For the foregoing reasons, it is ORDERED that the district court's July 29, 2020 grant of a preliminary injunction is STAYED pending further order of this Court. The merits of this appeal will be considered by another panel of this Court. The views expressed herein on the question whether the district court had jurisdiction to enter the order appealed from and on the nationwide scope of the injunction are intended solely as informing our assessment of whether the moving party demonstrated likelihood of success on the merits and are not intended to bind the merits panel on that question.

12

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit