September 14, 2020

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl St., Courtroom 20D
New York, NY 10007

   RE: *Make the Road New York, et al.* v. *Ken Cuccinelli, et al.*, 19-cv-7993 ("*MRNY*");
      *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, 19-cv-7777
      ("*State of New York*")

Dear Judge Wang:

   Plaintiffs in these consolidated cases submit this letter, pursuant to Local Rule 37.2, to request a pre-motion discovery conference to resolve disputes concerning deficiencies in the partial privilege logs produced by defendants, including numerous documents inappropriately withheld on the basis of the deliberative process privilege ("DPP") and the attorney-client privilege ("ACP"). Plaintiffs raised these issues in a letter to defendants on September 1, 2020. (Ex. A.) Defendants have not responded to plaintiffs' letter. Plaintiffs recommend that the conference be combined with the status conference scheduled for September 22, 2020, during which plaintiffs will also be prepared to discuss the equal protection discovery issues raised in their August 20, 2020 letter. *MRNY* ECF No. 231; *State of New York* ECF No. 205.

   Pursuant to an order in a related case challenging the Rule,[1] defendants have produced partial privilege logs purporting to identify documents withheld from the administrative record on a rolling basis. The most recent privilege log, produced on September 4, 2020, is purportedly based on a review of 29% of the documents on defendants' document review platform. (Ex. B.)

   The partial privilege logs are deficient in several respects.[2] **First**, the partial privilege logs do not contain enough information to determine whether defendants have met their burden of establishing that the DPP applies. "An inter- or intra-agency document may be withheld pursuant to the [DPP] if it is: (1) 'predecisional,' *i.e.*, 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and (2) 'deliberative,' *i.e.*, 'actually . . . related to the process by which policies are formulated.'" *Nat'l Council of La Raza* v. *Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (citation omitted). A document is predecisional if the agency can "(i) pinpoint the specific agency decision to which the document correlates [] and (ii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Grand Cent. P'ship, Inc.* v. *Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) (citation and quotation marks omitted). A document is deliberative if it "(i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Nat'l Day Laborer Org. Network*, 811 F. Supp. 2d 713, 736 (S.D.N.Y. 2011) (citation omitted).

---

[1] Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019).

[2] Plaintiffs reserve all rights to raise additional issues with respect any forthcoming partial privilege logs.

1

The government bears the burden of showing that a document is protected by the DPP and must "submit specific information identifying each document and its contents" to justify the privilege. *Resol. Tr. Corp. v. Diamond*, 137 F.R.D. 634, 642 (S.D.N.Y. 1991). Thus, "a log of documents withheld on the basis of the deliberative process privilege should provide various pieces of information, including, but not limited to, a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, the date that documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 297 F.R.D. 55, 60 (S.D.N.Y. 2013).

The partial privilege logs do not provide enough information to determine whether the DPP was properly invoked. Numerous entries simply describe the withheld information as "predecisional" and "deliberative" without providing the information necessary to determine whether these conclusory assertions are justified. *E.g.*, AR_380326 ("Predecisional, deliberative document from Civil Rights and Civil Liberties Officer containing predecisional, deliberative recommendations regarding the public charge rule."). Other entries provide only vague descriptions of the subject matter of the withheld documents that fail to establish whether the documents are predecisional and deliberative. *E.g.*, AR_380292; AR_380297; AR_380357 (withholding unspecified "opinions, recommendations, and advice about agency decisions that have not yet been finalized"). Additionally, numerous entries identify individuals using only vague and generic descriptions, such as "USCIS Employee," "DOS Employee," and "DHS Attorney Advisor." *E.g.*, AR_380377. Plaintiffs and the Court cannot assess the applicability of the DPP without additional information about the role of these government employees, including "some specificity as to where the 'Authors' and 'Recipients' fall on the [agency's] hierarchy." *Auto. Club of N.Y.*, 297 F.R.D. at 63. "An author or recipient's role is relevant because it is more likely that a relatively senior-level employee, as opposed to a more junior staffer, would be offering opinions and analyses to assist the agency official responsible for the formulation of significant public policy—the very process the privilege protects." *Id.*

**Second**, the DPP cannot be invoked to withhold documents where, as here, the agency's decision-making process itself is squarely at issue in the litigation. The DPP is a "qualified privilege," and the "historical and overwhelming consensus and body of law within the Second Circuit is that when the decision-making process itself is the subject of the litigation, the deliberative process privilege cannot be a bar to discovery and the privilege evaporates." *Burbar v. Incorporated Village of Garden City*, 303 F.R.D. 9, 14 (E.D.N.Y. 2014) (citation and quotation marks omitted); *New York v. Salazar*, 701 F. Supp. 2d 224, 237−38 (N.D.N.Y. 2010) (determining DPP did not apply when central theme of APA claim was that the "deliberative process itself was fatally flawed and infected by arbitrary conduct and abuse of discretion"); *Children First Found., Inc. v. Martinez*, No. 04-cv-0927 (NPM/RFT), 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007); *Azon v. Long Island R.R.*, No. 00-cv-6031 (HB), 2001 WL 1658219, at *3 (S.D.N.Y. Dec. 26, 2001). The Second Circuit has explained that, even where the DPP is properly applied to claims asserted under the Administrative Procedure Act, "the Government [cannot] rely on such privilege to avoid all discovery with respect to plaintiffs' constitutional claims." *In re Nielsen*, No. 17-3345, Order at 3 n.2 (2d. Cir. Dec. 27, 2017).

Here, defendants' decision-making process is squarely at issue. Plaintiffs allege that the Rule violates the Equal Protection guarantee of the Fifth Amendment because it was motivated by racial animus against nonwhite immigrants. *MRNY* Compl. ¶¶ 201−34; *State of New York* Compl. ¶¶ 174−78. The Court recently found that plaintiffs state an equal protection claim based on the "extensive evidence of statements that may evince discriminatory intent made by high-level officials who were allegedly the decision-makers behind the Rule or influenced such decision-makers." *New York* v. *U.S. Dep't of Homeland Security*, 19-cv-7777 (GBD), 19-cv-7993 (GBD), 2020 WL 4347264, at *6 (S.D.N.Y. July 29, 2020). Plaintiffs also allege that defendants' process for promulgating the Rule was procedurally deficient in violation of the APA in numerous respects. *MRNY* Compl. ¶¶ 184–200; *State of New York* Compl. ¶¶ 123−25, 294. The Court recently denied defendants' motion to dismiss plaintiffs' procedural APA claims. *New York*, 2020 WL 4347264, at *6. Because plaintiffs' claims challenge defendants' decision-making process in promulgating the Rule, the DPP does not apply, and defendants should promptly produce all documents withheld on the basis of the DPP. *See In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998) ("If the plaintiff's cause of action is directed at the government's intent . . . it makes no sense to permit the government to use the [deliberative process] privilege as a shield.").

***Third***, numerous entries on the partial privilege logs provide insufficient information to determine whether the ACP has been properly invoked. Documents and correspondence are not protected by the ACP simply because they were prepared by or sent to a government attorney. *See American Civil Liberties Union* v. *Dep't of Defense*, 15-cv-9317 (AKH), 2017 WL 4326524, at *9 (S.D.N.Y. Sept. 27, 2017) ("Even accepting that a lawyer authored this cable, the contents of the cable indicates that the lawyer gave policy advice, which is not protected by the attorney-client privilege."). Rather, confidential communications with government counsel are protected by the ACP only if the "predominant purpose" of the communication is to render or solicit legal advice. *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007). The burden is on defendants to establish that the privilege applies to each document they withhold on that basis. *See id.* at 418.

Several documents withheld on the basis of the ACP indicate that "counsel" was included in the communication but do not explicitly identify any attorneys in the "To," "From," or "CC" fields and do not state (even in conclusory terms) that the withheld document was made for the purpose—much less the "predominant purpose"—of obtaining or providing legal advice. *E.g.*, AR_280391; AR_380392. Some entries clearly indicate that the withheld document *did not* concern legal advice. *E.g.*, AR_380411 (withholding "[p]redecisional deliberative email chain between DHS/USCIS counsel and HHS discussing benefits program to be included in the final rule, so that DHS could respond to public comments on the proposed rule"); AR_380444 (withholding "[d]eliberative, pre-decisional draft insert for notice of proposed rulemaking, prepared by counsel").

Plaintiffs requested that defendants (i) promptly produce all documents withheld on the basis of the DPP, and (ii) supplement the partial privilege logs with the information necessary to determine whether documents identified on the privilege logs were properly withheld. (A list of deficient privilege log entries is attached as Ex. C.) Defendants have ignored plaintiffs' request. Plaintiffs respectfully request that the Court schedule a conference to resolve these issues.

Respectfully,

By: /s/ *Daniel S. Sinnreich*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles
Leah J. Park

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com
lpark@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

4

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*

**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Ming-Qi Chu*
Ming-Qi Chu
   *Section Chief, Labor Bureau*
Matthew Colangelo
   *Chief Counsel for Federal Initiatives*
Elena Goldstein
   *Deputy Bureau Chief, Civil Rights*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-8689
Ming-qi.chu@ag.ny.gov

*Attorneys for the States of New York, Connecticut, and Vermont and the City of New York*