

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Joshua Kolsky                                                                          Tel.:  (202) 305-7664  
Trial Attorney                                                       E-mail:  joshua.kolsky@usdoj.gov

September 17, 2020

Hon. Ona T. Wang  
United States District Court  
Southern District of New York  
500 Pearl Street, Courtroom 20D  
New York, NY 10007

        Re:    Response to Plaintiffs' request for a discovery conference in *New York v. U.S. Department of Homeland Security*, No. 19-7777, and *Make the Road New York v. Cuccinelli*, No. 19-7993

Dear Judge Wang:

        Pursuant to paragraph II(b) of Your Honor's Individual Practices in Civil Cases, Defendants in these related cases respectfully submit this letter in response to Plaintiffs' September 14, 2020 letter requesting a pre-motion discovery conference to resolve a dispute concerning alleged deficiencies in a privilege log that Defendants have provided to Plaintiffs.  Although Defendants strongly disagree that there are any deficiencies in the privilege log, the Court need not resolve that dispute because the log was produced in an entirely different case from this one, and Plaintiffs plainly cannot challenge the sufficiency of a privilege log produced in litigation to which they are not parties.

        Specifically, Defendants are producing, on a rolling basis, a privilege log for the administrative record as ordered by the Court in *Washington v. Department of Homeland Security*, No. 19-5210, a case pending in the Eastern District of Washington.  Like these cases, the *Washington* case also challenges the DHS rule *Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41292 (Aug. 14, 2019).  Plaintiffs concede that Defendants prepared the log "[p]ursuant to an order in a related case," not these cases. Pls' Letter at 1.  Thus, Plaintiffs are asking this Court to rule on the sufficiency of a privilege log ordered produced by a different court in a separate lawsuit pending 2,500 miles away, to which Plaintiffs are not parties.  Plaintiffs' meritless request should be rejected on this basis alone.

Earlier this year, at the request of Plaintiffs, Defendants agreed to send Plaintiffs copies of the *Washington* logs as a courtesy. But the mere fact that Plaintiffs are in possession of the log does not somehow entitle them to challenge its sufficiency. Plaintiffs have never moved for the production of a privilege log in this case and the Court has not ordered Defendants to produce one. And Defendants have consistently maintained during this litigation that a privilege log for the administrative record is inappropriate and unnecessary.

Defendants' view is supported by the overwhelming majority of courts to have addressed the issue. In short, "predecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record[.]'" *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *see also Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012) ("[C]ourts have consistently recognized that, for the purpose of judicial review of agency action, deliberative materials antecedent to the agency's decision fall outside the administrative record."). Indeed, it has been well understood since the earliest days of the APA that materials relating to an agency's decisional process are *not* part of an administrative record. *See Norris & Hirschberg, Inc. v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947) ("[I]nternal memoranda made during the decisional process . . . are never included in a record."). And that principle has been reinforced by courts time and time again. *See, e.g.*, *In re DOD & EPA Final Rule: Clean Water Rule: Definition of "Waters of the United States,"* No. 15-3751, 2016 U.S. App. LEXIS 18309, at *5 (6th Cir. Oct. 4, 2016) ("Many of the [agency] memoranda identified by petitioners contain predominantly deliberative materials and were properly omitted from the record."); *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (en banc) (explaining that, absent bad faith, transcripts of deliberative agency proceedings must not be considered on judicial review); *Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992) (upholding non-inclusion in the record of documents that were subject to attorney-client and deliberative process privileges); *Madison Cty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 622 F.2d 393, 395 n.3 (8th Cir. 1980) (stating that "staff memoranda and recommendations . . . used by an agency in reaching a decision . . . may be excluded from the record"); *see also Nat'l Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 333 (2d Cir. 1977) (affirming district court's refusal to compel deliberative material because "under the standard enunciated by the Supreme Court in *Citizens to Preserve Overton Park v. Volpe*, . . . the record in the case . . . sufficiently discloses the rationale underlying the administrative body's action and the factors considered in its decision").

Because privileged documents do not form part of the administrative record in the first place, it follows that federal agencies should not be required to provide a privilege log listing documents supposedly "withheld" from the record. *Oceana*, 920 F.3d at 865; *Asse Int'l, Inc. v. Kerry*, 2018 U.S. Dist. LEXIS 115514, at *8 (C.D. Cal. Jan. 3, 2018) ("As a corollary to the fact that privileged materials are not part of the administrative record in the first instance, an agency is

not required to produce a privilege log to justify its exercise of the privilege."); *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 15-1290, 2016 U.S. Dist. LEXIS 82204, at *54-56 (E.D. Cal. June 23, 2016); *California v. Dep't of Labor*, No. 13-2069, 2014 U.S. Dist. LEXIS 57520, at *36-37 (E.D. Cal. Apr. 24, 2014) ("because internal agency deliberations are properly excluded from the administrative record, the agency need not provide a privilege log"); *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. 16-1015, 2017 U.S. Dist. LEXIS 117545, at *59 (D. Md. July 27, 2017) ("[N]o privilege log is required for deliberative materials that are not properly part of the administrative record in the first instance."); *Stand Up for California! v. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) ("The plaintiffs' request for a privilege index for documents not included in the AR is without legal basis.") (collecting cases); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 801 (E.D. Va. 2008) (denying objection to Magistrate Judge ruling that agency was not required to produce a privilege log for administrative record because "the omitted documents, though they may very well be subject to the deliberative process privilege, were withheld from the record on the ground that they are irrelevant to arbitrary and capricious review"); *Great Am. Ins. Co. v. United States*, No. 12-9718, 2013 U.S. Dist. LEXIS 119789, at *21-26 (N.D. Ill. Aug. 23, 2013).[1]

To illustrate just how off-the-mark Plaintiffs' position is, consider that there are countless agency documents, in addition to deliberative documents, that do not belong in the administrative record – *e.g.*, documents unrelated to the agency decision and documents that were not considered by the decisionmaker in connection with the decision – and Plaintiffs' position would seem to apply to these documents as well. If DHS were required to identify every document in its possession that does not belong in the administrative record, the log would contain millions upon millions of entries.

Accordingly, Plaintiffs cannot challenge the sufficiency of the *Washington* privilege log and Plaintiffs are not entitled to production of a privilege log in this case.

Respectfully submitted,

/s/
Joshua M. Kolsky

CC: All Counsel of record via ECF.

---

[1] In *In re Nielsen*, No. 17-3345, 2017 U.S. App. LEXIS 26821 (2d Cir. Dec. 27, 2017), the Second Circuit denied mandamus relief to the government after a district court ordered production of a privilege log. But that decision turned on the fact that the case involved "[a] nonadjudicatory, nonrulemaking agency decision[.]" *Id*. at *13. This case, of course, does involve a challenge to a rulemaking, as to which "review of deliberative memoranda reflecting an agency's mental process . . . is usually frowned upon[.]" *Id*.