September 24, 2020

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:   *State of New York, et al. v. U.S. Dep't of Homeland Security, et al.*, No. 19-cv-7777 (GBD); *Make the Road New York, et al. v. Ken Cuccinelli, et al.*, No. 19-cv-7993 (GBD) ("*MRNY*").

Dear Judge Wang:

Plaintiffs in these related cases write to request a pre-motion conference in accordance with the Court's Individual Practices in Civil Cases to allow Plaintiffs to move to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(2). *See* Ex. 1 (19-cv-7777, Proposed Amended Complaint); Ex. 2 (19-cv-7777) (redline version of Proposed Amended Complaint); Ex. 3 (19-cv-7993, Proposed Amended Complaint); Ex. 4 (19-cv-7993, redlined version of Proposed Amended Complaint).

Plaintiffs seek leave to amend the complaint to add claims that Defendant Kevin K. McAleenan ("McAleenan") was improperly serving in the role of Acting Secretary of Homeland Security in violation of the Federal Vacancies Reform Act of 1998 ("FVRA"). Both the U.S. Government Accountability Office ("GAO") and at least one federal district court have already held that McAleenan was not lawfully serving in that capacity at the time he purported promulgated the challenged rule, Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (the "Rule").  Pursuant to the FVRA, 5 U.S.C. § 3348(d)(1) and the Administrative Procedure Act, 5 U.S.C. § 706, the Rule is accordingly *ultra vires* and void *ab initio*, and was promulgated "in excess of . . . authority" and not "in accordance with law," 5 U.S.C. § 706(2)(C) and (a)(2), and must be vacated.  Defendants have advised Plaintiffs that they take no position on Plaintiffs' request to amend.

*1. Constitutional and statutory framework.*  Article II of the Constitution requires that the President obtain the "Advice and Consent" of the Senate for Cabinet officials. The FVRA establishes a default framework for authorizing acting officials to fill Senate-confirmed roles, with three options for who may serve as an acting official. 5 U.S.C. § 3345.  Section 3347 of the FVRA explains that this framework is the "exclusive means" for authorizing acting officials unless a specific statute designates one or authorizes "the President, a court, or the head of an Executive department" to designate one. *Id.* The Department of Homeland Security ("DHS") has such a statute—the Homeland Security Act ("HSA")—which establishes an order of succession for the Acting Secretary. 6 US.C. § 113(g). First in line under the HSA is the Deputy Secretary, and then the Under Secretary for Management. *Id.* §§ 113(a)(1)(A), 113(g)(1). After these two offices, the order of succession is set by the Secretary of Homeland Security. *Id.* § 113(g)(2).

1

Under the FVRA, official actions taken by unlawfully serving acting officials "shall have no force or effect" and "may not be ratified" after the fact by the official who lawfully should have assumed the Acting Secretary role. 5 U.S.C. § 3348(d)(1), (2).

*2. Factual background.* Plaintiffs filed their complaints in August 2019 challenging the promulgation, implementation, and enforcement of the Rule, which was issued in August 2019 by then-Acting Secretary McAleenan. Following McAleenan's resignation in November 2019, members of Congress questioned the legality of the appointment of Chad Wolf, McAleenan's successor. These members wrote to the GAO to express their concerns that McAleenan had not lawfully assumed the role of Acting Secretary following former Secretary Kirstjen Nielsen's resignation in April 2019, and that McAleenan therefore lacked the authority to issue the order of succession that formed the basis for Wolf's accession.

In a report issued on August 14, 2020, GAO concluded that McAleenan unlawfully assumed the role of Acting Secretary following Secretary Nielsen's resignation.[1] The GAO reasoned that, because DHS's operative succession order at the time of Secretary Nielsen's resignation unambiguously provided that Executive Order 13753 governed the order of succession, the Director of Cybersecurity and Infrastructure Security Agency ("CISA"), not the Commissioner of U.S. Customs and Border Protection (the position McAleenan was filling before he succeeded Nielsen), was to succeed the Secretary in the event she resigned. *See also La Clinica De La Raza v. Trump*, No. 19-cv-4980, 2020 U.S. Dist. LEXIS 141725, *45 (N.D. Cal. Aug. 7, 2020) (explaining that "at the time of Nielsen's resignation, Executive Order 13753 governed the order of succession").[2]

Just one week ago, a district court concurred with the GAO's conclusions. The court held that McAleenan's appointment was likely "invalid under the agency's applicable order of succession," and that accordingly McAleenan "assumed the role of Acting Secretary without lawful authority." *Casa de Maryland v. Wolf*, No. 8:20-CV-02118-PX, 2020 WL 5500165, at *21 (D. Md. Sept. 11, 2020).

Because McAleenan unlawfully assumed the position of Acting Secretary in violation of the FVRA, under the plain terms of the FVRA, any action taken by McAleenan—including promulgating the Rule—are invalid.[3] Accordingly, Plaintiffs seek leave to amend the complaint to add a claim challenging the validity of the Rule on this basis.

---

[1] U.S. Gov't Accountability Off., B-331650, *Department of Homeland Security—Legality of Service of Acting Secretary of Homeland Security and Service of Senior Official Performing the Duties of Deputy Secretary of Homeland Security* (Aug. 14, 2020), *available at* https://www.gao.gov/products/B-331650.

[2] The district court in *La Clinica* dismissed those plaintiffs' FVRA claims on the grounds that they had failed to plead that McAleenan's appointment was impermissible under the President's direct appointment powers under the FVRA. However, the federal government has since made clear that they rely solely on the succession order, not the FVRA, for the legality of McAleenan's appointment, *see La Clinica de la Raza v. Trump*, Docket No. 4:19-cv-4980-PJH, ECF No. 179 at 4-6, and accordingly, that ruling is now the subjection of a motion to reconsider, *see id.*

[3] Similarly, a federal district court recently held that Cuccinelli was unlawfully appointed to his position as Acting Director of USCIS. *See L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 25–29 (D.D.C. 2020). Thus, any argument by Defendants that USCIS or Cuccinelli had authority to issue the Rule notwithstanding McAleenan's unlawful appointment would also fail.

*3. The Court Should Grant Plaintiffs Leave to File an Amended Complaint*.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be granted "freely . . . when justice so requires." "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (citation and quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs should be granted leave to amend because there are colorable grounds for relief, the Plaintiffs have not engaged in any undue delay or bad faith, and there would be no prejudice to the defendants.

First, the proposed amended complaint states colorable claims for relief and is not futile. When evaluating whether to grant leave amend, courts consider whether the amendment could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Unless the facts alleged clearly show that plaintiffs have no plausible claim, courts ordinarily allow plaintiffs to amend. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Here, the facts, accepted as true, establish that McAleenan's accession to the role of Acting Secretary in April 2019 was not in accordance with the FVRA. Because McAleenan was unlawfully serving as the Acting Secretary, under the plain terms of the FVRA, his purported official action in issuing the Rule was invalid.  And because the Rule was promulgated by an official who was unlawfully acting under the FVRA, the Rule is not in accordance with law and in excess of authority under the APA, and thus must be set aside.

Second, there can be no assertions of bad faith, undue delay, or undue prejudice to the Defendants. No scheduling order has been set, discovery has not yet begun, and Defendants have not even filed their answers to Plaintiffs' complaints. Additionally, GAO's report concluding that McAleenan was not the lawful successor to Secretary Nielsen was issued just last month. Given the procedural posture of the case and the timing of the GAO report, Plaintiffs have not unduly delayed this motion. For the same reasons, this amendment would not cause undue prejudice to the Defendants, as it would not "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [non-moving party] from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

For the reasons stated above, Plaintiffs request that the Court schedule a pre-motion conference in order to permit leave to file an Amended Complaint adding a claim alleging violations of the FVRA.

Respectfully submitted,

**LETITIA JAMES**
*Attorney General of the State of New York*

By: /s/ Elena Goldstein
Elena Goldstein, *Deputy Bureau Chief, Civil Rights*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Ming-Qi Chu, *Section Chief, Labor Bureau*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone: (212) 416-6201
Elena.goldstein@ag.ny.gov

*Attorneys for the States of New York, Connecticut,and Vermont and the City of New York*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Brittany Thomas
Baher Azmy

666 Broadway

7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bthomas@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*

cc:   All Counsel of record via ECF