**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
STATE OF NEW YORK, et al.,

                Plaintiffs,

          -against-

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, et al.,

                Defendants.

19-CV-7777 (GBD) (OTW)

**ORDER**

------------------------------------------------------------
MAKE THE ROAD NEW YORK, et al.,

                Plaintiffs,

          -against-

KEN CUCCINELLI, et al.,

                Defendants.

19-CV-7993 (GBD) (OTW)

**ORDER**

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Pursuant to conference held in this matter on September 30, 2020, the Court hereby **GRANTS** Plaintiffs' request for discovery on their equal protection claims.

Defendants did not provide adequate reasoning for why this Court should rule differently from courts outside of this District allowing for discovery on this precise issue. *See Cook County, Ill. V. Wolf*, 2020 WL 2542155 (N.D. Ill. May 29, 2020); *State of Washington v. U.S. Dep't of Homeland Sec.*, 2020 WL 4667543 (E.D. Wash. April 17, 2020); *State of California v. U.S. Dep't of Homeland Sec.*, 2020 WL 1557424 (N.D. Cal. Apr. 1, 2020).

In *Cook County*, Judge Feinerman allowed for extra-record discovery on the plaintiffs' equal protection claim "because evidence of racial animus (if any) will reside outside the administrative record," and the claim had survived dismissal, regardless of whether the claim satisfied "the 'strong showing' standard applicable to APA claims." 2020 WL 2542155, at *10. Judge Feinerman went on to find that, in any event, Plaintiffs had satisfied the "strong showing" standard under the APA. *Id*. at *11.[1]

This Court agrees with Judge Feinerman's reasoning. As in *Cook County*, Plaintiffs' equal protection claim has survived dismissal, and "presumptively limiting discovery to the record can allow the racial motivations underlying racially motivated policymaking to remain concealed" given that where a "facially neutral agency action is motivated by racial animus, that animus almost certainly will not be disclosed in the agency's contemporaneous explanation for that action. *Id*. at 10 (internal quotations omitted) (citing *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019). Likewise, it has been held in this district that

> the Court should be able to consider evidence outside the Administrative Record . . . when evaluating Plaintiffs' equal protection claim. Indeed, it would be nearly impossible to 'smoke out' discriminatory purpose if litigants and courts evaluating whether government actors have engaged in invidious discrimination cannot look beyond the record that those very decisionmakers may have carefully curated to exclude evidence of their true intent and purpose.

---

[1] Plaintiffs have reserved their right to seek discovery on their claims under the APA. (ECF 205 at n. 2). At today's conference, Defendants seemed to argue that, under *Almaklani v. Trump*, 444 F. Supp. 3d 425 (E.D.N.Y. 2020), Plaintiffs needed to make a "strong showing of bad faith or improper behavior" to get discovery even on the Plaintiffs' equal protection claim. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-74 (2019). In *Almaklani*, Judge Pollak found that the plaintiffs "have made no showing of bad faith" that would allow discovery beyond the administrative record. *Almaklani*, 444 F. Supp. 3d at 431. Even if that were the rule here, however, Plaintiffs here have made numerous allegations in their complaints sufficient to make that strong showing. *See, e.g.* ECF 195 at 13-15; *see also Cook County*, 2020 WL 2542155, at *11-12.

*New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 668-69 (S.D.N.Y. 2019) (internal quotations and citation omitted), *aff'd in relevant part sub nom.*, 139 S. Ct. 2551 (2019). Accordingly, Plaintiffs are entitled to discovery on the claim.

As ordered at the conference, Parties are to submit their 26(f) report on October 15, 2020.

**SO ORDERED.**

Dated: September 30, 2020
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge