UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF CONNECTICUT, and STATE OF VERMONT,<br>　　　　　Plaintiffs,<br>　　v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; CHAD F. WOLF, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH T. CUCCINELLI II, *in his official capacity as Senior Official Performing the Duties of Director of the United States Citizenship and Immigration Services and of the Deputy Secretary of United States Department of Homeland Security*; and UNITED STATES OF AMERICA,<br>　　　　　Defendants. | CIVIL ACTION NO.<br>19 Civ. 07777 (GBD) |
| MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, and CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,<br>　　　　　Plaintiffs,<br>　　v.<br>KEN CUCCINELLI, *in his purported official capacity as Senior Official Performing the Duties of the Director, United States Citizenship and Immigration Services*; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; CHAD F. WOLF, *in his purported official capacity as Acting Secretary of Homeland Security*; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>　　　　　Defendants. | CIVIL ACTION NO.<br>19 Civ. 07993 (GBD) |

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Pursuant to Local Civil Rule 56.1, Plaintiffs the State of New York, City of New York, State of Connecticut, State of Vermont, Make the Road New York, African Services Committee,

1

Asian American Federation, Catholic Charities Community Services, and Catholic Legal Immigration Network, Inc. submit the following statement of material facts as to which there is no genuine issue to be tried.

**I.       The Final Rule.**

1.       On August 14, 2019, defendant United States Department of Homeland Security ("DHS") published the Final Rule, *Inadmissibility on Public Charge Grounds*, 84 Fed. Reg. 41,292 (Aug. 14, 2019) (to be codified at 8 C.F.R. pt. 103, 212, 213, 214, 245, 248) ("Final Rule"), in the Federal Register. The Final Rule changes both the public charge definition and the process by which DHS determines whether an applicant is likely to meet this definition in the future. 84 Fed. Reg. at 41,292-508.

2.       The Final Rule was promulgated by Defendant Kevin K. McAleenan ("McAleenan") in his capacity as purported Acting Secretary of Homeland Security. *See id.*

**II.      McAleenan Lacked the Authority to Promulgate the Final Rule.**

3.       Secretary Nielsen was the most recent Senate-confirmed Secretary of Homeland Security. Throughout her tenure, she exercised her authority under 6 U.S.C. § 113(g)(2) to set an order of succession should the Deputy Secretary and Under Secretary for Management positions be vacant. She did so by adopting and amending the existing order of succession, Delegation 00106, issued in 2016 by then-Secretary of Homeland Security Jeh Johnson, on multiple occasions. In May 2018, Nielsen revised Annex G to Delegation 00106 (Revision 08.2 to Delegation 00106), which sets the succession order for the Counting Weapons of Mass Destruction Office. *See* Ex. 1 at 4 (Dep't of Homeland Security, *DHS Orders of Succession and Delegations of Authorities for Named Positions*, Delegation No. 00106, Revision No. 08.5 (Apr. 10, 2019)) ("April Delegation") (noting Revision 08.3's issue date as May 21, 2018).

4.      In October 2018, Nielsen revised Annex Z to Delegation 00106, which sets the succession order for the Transportation Security Administration (Revision 08.3 to Delegation 00106). *See id.* (noting Revision 08.3's issue date as October 23, 2018).

5.      In February 2019, she revised Annex U to Delegation 00106, which sets the succession order for the Office of Strategy, Policy, and Plans (Revision 08.4 to Delegation 00106). Ex. 2 (Dep't of Homeland Security, *DHS Orders of Succession and Delegations of Authorities for Named Positions*, Delegation No. 00106, Revision No. 08.4 (Feb. 15, 2019). ("February Delegation") (Secretary's Memorandum amending Annex U to Delegation 00106), 12 (Revision 08.4 to Delegation 00106).

6.      In the case of the Secretary's death, resignation, or inability to perform the functions of office, Secretary Nielsen's February Delegation provided that Executive Order 13753 governed the order of succession. *See* Ex. 2 (February Delegation) and Ex. 3 at 5 (U.S. Gov't Accountability Off., B-331650, *Department of Homeland Security—Legality of Service of Acting Secretary of Homeland Security and Service of Senior Official Performing the Duties of Deputy Secretary of Homeland Security* (Aug. 14, 2020)) (the "GAO Report").

7.      If the Secretary is unavailable to act during a disaster or catastrophic emergency, Secretary Nielsen's February Delegation provided that Annex A to the February Delegation governed the order of succession. *See* Ex. 2 (February Delegation) and Ex. 3 at 5 (GAO Report).

8.      At the time of the February Delegation, the orders of succession found in Executive Order 13753 and Annex A were identical; the first four positions in the order of succession for both were as follows: (1) Deputy Secretary; (2) Under Secretary for Management, (3) Administrator of the Federal Emergency Management Agency ("FEMA") and (4) Director of the Cybersecurity and Infrastructure Security Agency ("CISA"). *See id.* at 5-6 (GAO Report);

Ex. 4 (*Amending the Order of Succession in the Department of Homeland Security*, Exec. Order 13753, 81 Fed. Reg. 90,667 (Dec. 9, 2016)) ("E.O. 13753").

9. When E.O. 13753 was issued in 2016, the Director of CISA was called the Under Secretary for National Protection and Programs; the position was renamed in 2018. Pub. L. No. 115-278, § 2(a), 132 Stat. 4168, 4169 (Nov. 16, 2018), *codified at* 6 U.S.C. § 652(a), (b).

10. The February Delegation further provided that acting officials in the listed positions were ineligible to serve as acting secretary and, thus, the order of succession would fall to the next Senate-confirmed official. *See* Ex. 2 (February Delegation) and Ex. 3 at 6 (GAO Report).

11. Secretary Nielsen announced her resignation from the Secretary position effective April 7, 2019. Ex. 5 (Secretary Kirstjen Nielsen, Resignation Letter to the President (Apr. 7, 2019)).

12. Under the order of succession in effect at that time, and in view of the vacancy in the Deputy Secretary position, the Acting Secretary position would have been assumed by Claire Grady, the Under Secretary for Management. *See* 6 U.S.C. §§ 113(a)(1)(A), 113(g)(1). Grady, however, announced her resignation on April 9, which was effective on April 10. Ex. 6 (Ted Hesson, *Nielsen: Acting DHS Deputy Grady offers resignation*, POLITICO (Apr. 9, 2019, 8:15 PM), https://www.politico.com/story/2019/04/09/claire-grady-offers-resignation-1264195).

13. Secretary Nielsen nonetheless purported to remain in office until April 10, 2019. Ex. 7 at 25 (Mem. of Law in Support of Defs.' Opp. to Pls.' Mot. for a Prelim. Injunction, *Casa de Maryland, Inc. et al. v. Wolf, et al.*, No. 8:20-cv-2118, ECF No. 41 (D. Md. Aug. 3, 2020)).

14. Before leaving office on April 10, 2019, Nielsen made a partial amendment to DHS's order of succession. In this April Delegation, Secretary Nielsen retained the two separate

grounds for accession to the role of Acting Secretary: vacancies arising from Secretary's death, resignation, or inability to perform the functions of office were still governed by E.O. 13753, and vacancies arising from the Secretary's unavailability to act during a disaster or catastrophic emergency were still governed by Annex A to the Delegation. Ex. 1 at §§ II.A, II.B (April Delegation).

15. Secretary Nielsen also did not amend E.O. 13753, which continued to govern the order of succession in the event of a vacancy created by the Secretary's death, resignation or inability to perform the functions of the office. *See id.* § II.A.

16. Secretary Nielsen did, however, amend Annex A, which set forth the order of succession for when the Secretary is unavailable to act during a disaster or catastrophic emergency; the new order of succession was as follows: (1) Deputy Secretary; (2) Under Secretary for Management; (3) Commissioner of U.S. Customs and Border Protection ("CBP"); and (4) Administrator of FEMA. *Id.* at Annex A.

17. Following Nielsen's April 10, 2019 departure, Senate-confirmed Commissioner of CBP Kevin McAleenan assumed the role of Acting Secretary. *See* Ex. 3 at 4 (GAO Report).

18. On November 8, 2019, McAleenan substituted Annex A for E.O. 13753 to govern the order of succession when the Secretary dies, resigns, or is unable to perform the functions of office. *See* Ex. 8 (Kevin K. McAleenan, Amendment to the Order of Succession for the Secretary of Homeland Security (Nov. 8, 2019)); Ex. 9 (Dep't of Homeland Security, *DHS Orders of Succession and Delegations of Authorities for Named Positions*, Delegation No. 00106, Revision No. 08.6 (Nov. 14, 2019)).

19. McAleenan then directed the order of succession in Annex A to be: (1) Deputy Secretary; (2) Under Secretary for Management; (3) Commissioner of CBP; and (4) Under Secretary for Strategy, Policy, and Plans. *See id.*

20. On November 13, 2019, McAleenan resigned as both Acting Secretary and Commissioner of CBP, and the Senate-confirmed Under Secretary for Strategy, Policy, and Plans, Chad Wolf, assumed the role of Acting Secretary. *See* Ex. 3 at 4 (GAO Report).

### III. Congress questioned the legality of McAleenan's appointment.

21. On November 15, 2019, the Chairman of the House of Representatives Committee on Homeland Security and the Acting Chairwoman of the House Committee on Oversight and Reform wrote a letter to the head of GAO "to express serious concerns with the legality of the appointment" of Chad Wolf as Acting Secretary of Homeland Security and Ken Cuccinelli as Senior Official Performing the Duties of Deputy Secretary. Ex. 10 (Letter from Bennie G. Thompson, Chairman, House Committee on Homeland Security, and Carolyn B. Maloney, Acting Chairwoman, House Committee on Oversight & Reform, to Gene Dodaro, Comptroller General of the United States (Nov. 15, 2019)).

22. In particular, the Chairman and Acting Chairwoman expressed concern that Wolf was serving in violation of the Federal Vacancies Reform Act ("FVRA") and Homeland Security Act ("HSA") because former Acting Secretary McAleenan did not lawfully assume the Acting Secretary position, and so McAleenan had no authority to make the changes to DHS's order of succession that formed the basis for Wolf's accession to Acting Secretary. *Id.* at 2.

23. On August 14, 2020, GAO issued a report responding to the Chairman and Acting Chairwoman's request, and assessing the legality of the appointment of Chad Wolf as Acting

Secretary of Homeland Security and Ken Cuccinelli as Senior Official Performing the Duties of Deputy Secretary. *See* Ex. 3 (GAO Report).

24. In the report, GAO explained that "[i]n the case of vacancy in the positions of Secretary, Deputy Secretary, and Under Secretary of Management, the HSA provides a means for an official to assume the title of Acting Secretary pursuant to a designation of further order of succession by the Secretary." *Id.* at 11.

25. Based on the amendments Secretary Nielsen made to the order of succession in April 2019, GAO concluded that the Senate-confirmed CBP Commissioner (McAleenan) "would have been the appropriate official" to serve as Acting Secretary only if Secretary Nielsen had been "unavailable to act during a disaster or catastrophic emergency." *Id.* at 7 (citing Annex A to the April Delegation).

26. GAO concluded that because Secretary Nielsen had *resigned*, E.O. 13753 controlled under "the plain language of the April Delegation." *Id.*

27. GAO explained that after Nielsen's resignation, then-Director of CISA, Christopher Krebs, should have assumed the position Acting Secretary because he was the first Senate-confirmed official in the E.O. 13753 order of succession, which governed following a Secretary's resignation. *Id.* at 8 & n.11.

28. GAO noted that although "McAleenan assumed the title of Acting Secretary upon the resignation of Secretary Nielsen," "the express terms of the existing [succession] designation required [Krebs] to assume that title" and so "McAleenan did not have authority to amend the Secretary's existing designation." *Id.* at 11.

29. GAO thus concluded that Wolf and Cuccinelli were improperly serving in their acting roles because they assumed those acting roles under "[the] invalid order of succession" established by McAleenan in November 2019. *Id.*

30. GAO recognized that Secretary Nielsen's conduct may have suggested that she intended McAleenan to become Acting Secretary upon her resignation, but GAO noted that "it would be inappropriate, in light of the clear express directive of the April Delegation" – which provided that McAleenan would only take over if Nielsen were unavailable to act during a disaster or a catastrophic emergency – "to interpret the order of succession based on post-hoc actions." *Id.* at 9. GAO concluded that because the April Delegation "was the only existing exercise of the Secretary's authority to designate a successor . . . McAleenan was not the designated acting Secretary because, at the time, the director of the CISA was designated the Acting Secretary under the April Delegation." *Id.*

31. Furthermore, GAO concluded in the report that because McAleenan and defendant Wolf were unlawfully appointed, that defendant Wolf's alterations to the order of succession for Deputy Secretary were issue without authority. *Id.* at 10–11. Because the prior order of succession for Deputy Secretary did not include defendant Cuccinelli's position, GAO concluded that his succession to the role of Senior Official Performing the Duties of Deputy Secretary was invalid. *Id.*

32. After the GAO report was issued, on September 10, 2020, President Trump submitted Wolf's nomination as Secretary of Homeland Security to the Senate. *See* Ex. 11 (*Ratification of Actions Taken by the Acting Secretary of Homeland Security*, 85 Fed. Reg. 59,651, 59,654 (Sept. 23, 2020) ("September 17 Memorandum").

33. On that same day, FEMA Administrator Peter Gaynor—who purportedly would been eligible to serve as Acting Secretary upon Wolf's nomination—"exercised any authority that he had to designate an order of succession," and purported to re-issue the same order of succession that McAleenan had promulgated so that Wolf could assume the Acting Secretary role. Ex. 12 (Order Designating the Order of Succession for the Secretary of Homeland Security, signed by Peter T. Gaynor, Administrator of the Federal Emergency Management Agency serving as Acting Secretary of Homeland Security (Sept. 10, 2020) ("Gaynor Order")).

**IV.    DHS Attempts to Ratify McAleenan's Unlawful Actions.**

34. On September 17, 2020, Wolf released a "ratification memorandum" that attempted to "affirm and ratify any and all actions involving delegable duties that [he] ha[d] taken from November 13, 2019, through September 10, 2020." Ex. 11 (September 17 Memorandum).

35. In the memorandum, Wolf explained that he had been serving as Acting Secretary pursuant to an order of succession and not the FVRA, the FVRA's "prohibition on a nominee's acting service while his or her nomination is pending does not apply," and he therefore remained the Acting Secretary. *Id.* 59,652. Recognizing that there have been challenges to the validity of his service as Acting Secretary, Wolf explained that the FVRA provides "an alternative basis for an official to exercise the functions and duties of the Secretary temporarily in an acting capacity." *Id.*

36. Wolf further explained that "under the authority of the FVRA, 5 U.S.C. § 3345(a)(2), when the President submitted my nomination, Peter Gaynor . . . would have become eligible to exercise the functions and duties of the Secretary temporarily in an acting capacity."

9

*Id.* 59,653. In an "abundance of caution," Gaynor exercised any authority that he had under the FVRA to allow Wolf to continuing serving as Acting Secretary. *Id.*

37. On October 7, 2020, Wolf issued another ratification memorandum that purported to ratify eight specific actions taken by McAleenan during his tenure as Acting Secretary, including issuance of the Rule, and one action by U.S. Citizenship and Immigration Services Deputy Director for Policy Joseph Edlow in an "abundance of caution." Ex. 13, *Ratification of Department Actions*, 85 Fed. Reg. 65,653 (Oct. 16, 2020) ("October 7 Memorandum").

38. The provision that the Wolf Memoranda invoke as the basis for Gaynor's appointment, Section 3345(a)(2), permits the President to designate a Senate-confirmed agency official "to perform the duties of the vacant office temporarily in an acting capacity subject to the time limitations of section 3346." 5 U.S.C. § 3345(a)(2). However, neither the Gaynor Order nor the Wolf Memoranda claim that President Trump has exercised this authority. *See* Ex. 12 (Gaynor Order), Exs. 11 and 13 (Wolf Memoranda).

39. DATED:  October 27, 2020                                    Respectfully submitted,

**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Ming-Qi Chu*
Ming-Qi Chu,
  *Section Chief, Labor Bureau*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Elena Goldstein,
  *Deputy Bureau Chief, Civil Rights Bureau*
Abigail Rosner, *Assistant Attorney General*
Amanda Meyer, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone: (212) 416-8689
ming-qi.chu@ag.ny.gov

*Attorneys for the State of New York*

**JAMES JOHNSON**
*Corporation Counsel of the City of New York*

By: /s/ *Tonya Jenerette*
Tonya Jenerette
  Deputy Chief for Strategic Litigation
Cynthia Weaver, Senior Counsel
Doris Bernhardt, *Senior Counsel*
Melanie Ash, *Senior Counsel*
100 Church Street, 20th Floor
New York, NY 10007
Phone: (212) 356-4055
tjeneret@law.nyc.gov

*Attorneys for the City of New York*

**WILLIAM TONG**
*Attorney General of Connecticut*

By: /s/ *Joshua Perry*
Joshua Perry
  *Special Counsel for Civil Rights*
165 Capitol Avenue
Hartford, CT 06106-0120
(860) 808-5318
Joshua.perry@ct.gov

*Attorneys for the State of Connecticut*

**THOMAS J. DONOVAN, JR.**
*Attorney General of Vermont*

By: */s/ Benjamin Battles*
Benjamin Battles, *Solicitor General*
Eleanor Spottswood, *Assistant Attorney General*
Julio Thompson, *Assistant Attorney General*
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-5500
benjamin.battles@vermont.gov

*Attorneys for the State of Vermont*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Jonathan H. Hurwitz*
Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles
Leah Park

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com
lpark@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Baher Azmy

666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
gschwarz@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
scameron@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*