UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>KENNETH CUCCINELLI, *et al.*,<br><br>*Defendants.* | No. 19-07993 (GBD) |
| STATE OF NEW YORK, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>*Defendants*. | No. 19-cv-07777 (GBD) |

**DECLARATION OF NEAL J. SWARTZ**

I, Neal J. Swartz, make the following declaration.

1. I am the Associate General Counsel for General Law, Office of the General Counsel for the U.S. Department of Homeland Security (DHS). I have held this position since June 2013. One of my responsibilities is to advise and assist in matters involving the Department's orders of succession. This includes reviewing and signing Federal Vacancy Reform Act notifications that are sent to both Houses of Congress, the Committee on Homeland Security and Governmental Affairs of the Senate, the Committee on Homeland Security of the House of Representatives, and the Comptroller General of the Government Accountability Office, in accordance with provisions of section 113(g)(3) of title 6, United States Code, and section 3349 of title 5, United States Code. This declaration is based on my personal knowledge and on information that I have obtained in the course of my official duties as the Associate General Counsel for General Law, DHS.

2. Pursuant to 6 U.S.C. § 113(g)(2) the Secretary of Homeland Security may designate officers of the Department in further order of succession to serve as Acting Secretary.

3. Then-Secretary Nielsen was presented with a memorandum titled "Designation of an Order of Succession for the Secretary," dated April 9, 2019, that included a proposed new Annex A. (This document is attached as Exhibit 1 to the declaration of Juliana Blackwell, which is simultaneously being filed on the docket in this case.) The memorandum and its attachment proposed amending the DHS order of succession to designate officials to serve as Acting Secretary, pursuant to the Secretary's authority under 6 U.S.C. § 113(g)(2). Then-Secretary Nielsen approved the proposed modification by affixing her signature at the bottom of the memorandum. As explained in that memorandum, her signature below the action line represented that she approved the attached document that modified the order of succession for the Secretary of Homeland Security. The memorandum's attachment established an order of succession for the position of Secretary of Homeland Security, without exceptions or limitations. Specifically, the memorandum's attachment, titled "Amending the Order of Succession in the Department of Homeland Security," stated that then-Secretary Nielsen had "designat[ed] the order of succession for the Secretary of Homeland Security as follows:". The list approved by the then-Secretary set out the order of succession for the officials who may serve as Acting Secretary. The list controlled the succession order for every vacancy in the office of the Secretary, no matter the reason for the vacancy.

4. The following day, DHS Delegation No. 00106 was amended to reflect and implement then-Secretary Nielsen's change to the order of succession for the Secretary of Homeland Security. The amendment was executed by placing a new Annex A in DHS Delegation No. 00106. The amended DHS Delegation No. 00106 was then reissued as DHS Delegation No. 00106, Revision No. 8.5 titled "DHS ORDERS OF SUCCESSION AND DELEGATIONS OF AUTHORITIES FOR NAMED POSITIONS," issued December 15, 2016, and updated April 10, 2019. (This document is attached as Exhibit 2 to the declaration of Juliana Blackwell, , which is simultaneously being filed on the docket in this case.). DHS Delegation No. 00106 is an administrative document that is periodically updated to consolidate and maintain in a single document the orders of succession for many senior positions in DHS. Modifications to an order of succession are effective immediately upon the Secretary's approval and signature, and not when those decisions are transposed into DHS Delegation No. 00106 at a later time. As an internal administrative document that is meant to collect the orders of succession, DHS Delegation No. 00106 itself cannot override or change official action taken by the Secretary.

5. When then-Secretary Nielsen resigned, both the Department of Homeland Security Deputy Secretary and the Under Secretary for Management positions were vacant.

6. Therefore, then-Secretary Nielsen's signed order designating the DHS order of succession for Acting Secretary, pursuant to her authority under 6 U.S.C. § 113(g)(2), was effective when she signed the order on April 9, 2019, and controls the order of succession should a discrepancy or conflict exist between her signed order and DHS Delegation No. 00106, Revision No. 8.5. In fact, the April 9, 2019 signed order would have controlled the order of succession even if DHS Delegation No. 00106 was never updated to reflect the April 9, 2019 change.

7. The document attached as Exhibit 1 is a true and correct copy of a memorandum titled "Federal Vacancies Reform Act Submission," issued by the Associate General Counsel for General

     Law, dated April 11, 2019 with an attachment "Vacancy and Designation of an acting officer, DHS – Secretary."

8. The document attached as Exhibit 2 is a true and correct copy of an "Order Designating the Order of Succession for the Secretary of Homeland Security," issued by Peter T. Gaynor on November 14, 2020.

In accordance with 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 17th day of November, 2020

_____

Neal Swartz
Associate General Counsel for General Law
U.S. Department of Homeland Security