UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KENNETH CUCCINELLI, *et al.*,<br><br>*Defendants*. | No. 19-07993 (GBD) |
| STATE OF NEW YORK, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>*Defendants*. | No. 19-cv-07777 (GBD) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' LOCAL RULE 56.1
STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1(b), Defendants, the United States of America, the United States Department of Homeland Security, United States Citizenship and Immigration Services, Chad F. Wolf, and Kenneth T. Cuccinelli, submit the following response in opposition to the statement of material facts as to which Plaintiffs claim there is no genuine issue to be tried, *New York v. DHS*, 19-cv-7777, ECF No. 242.

I.     Responses to Plaintiffs' Statement of Facts

1. Defendants admit that the Final Rule, *Inadmissibility on Public Charge Grounds* (the "Rule"), was published in the Federal Register at 84 Fed. Reg. 41,292 on August 14, 2019. Defendants deny that there is any pre-existing regulatory definition of the term "public charge." *See, e.g.*, Defs.' Mot. to Dismiss, 19-cv-7777, ECF No. 141, p. 12-22. Defendants admit that the Rule "changes the process by which DHS determines whether an applicant is likely to meet this definition in the future," but also admit that the new process retains the "totality of the circumstances" test. *See, e.g., id.* at 37-38.

2. Defendants admit that the Rule was promulgated under the authority of Acting Secretary of Homeland Security Kevin K. McAleenan.

3. Defendants admit that Secretary Kirstjen Nielsen is the most recent individual to have been confirmed by the Senate as Secretary of Homeland Security. Defendants also admit that Secretary Nielsen amended annexes to Delegation 00106 regarding the order of delegation of authority for offices other than the Office of the Secretary on several occasions during her tenure prior to April 9, 2019, including a revision to Annex G in May 2018. *See, e.g.,* Pls.' Ex. 1, DHS Orders of Succession and Delegation of Authorities for Named Positions, Revision 8.5 at 4. Defendants deny that Secretary Nielsen invoked her authority to set the order of succession for the Office of the Secretary under 6 U.S.C. § 113(g)(2) on any prior occasion. *Compare, e.g.,* Pls.' Ex. 2, DHS Orders of Succession and Delegation of Authorities for Named Positions, Revision 8.4 at 5 (invoking the authority of Executive Order 13753); *with* Pls.' Ex. 1 at 5 (invoking the authority of 6 U.S.C. § 113(g)(2)). Defendants also deny that Secretary Nielsen used her authority under 6 U.S.C. § 113(g)(2) on any occasion to set an order of succession or delegation for any subordinate office. *See* 6 U.S.C. §

113(g)(2) ("Notwithstanding chapter 33 of title 5, the Secretary may designate such other officers of the Department in further order of succession *to serve as Acting Secretary*.") (emphasis added); *see also* Pls.' Ex. 1 at 3 (invoking the authority of the FVRA and 6 U.S.C. § 112 for Delegation 00106 as a whole); Pls.' Ex. 2 at 3 (same); *see also generally* Pls.' Ex. 1 (invoking 6 U.S.C. § 113(g)(2) only with regard to the Office of the Secretary).

4. Defendants admit that Annex Z to Delegation 00106 was revised on October 23, 2018. Defendants deny that the revision to Annex Z was made under the authority of 6 U.S.C. § 113(g)(2). *See* Pls.' Ex. 1 at 30 (stating the revised order of succession and delegation of authority for the Transportation Security Administration without invoking 6 U.S.C. § 113(g)(2)); 6 U.S.C. § 113(g)(2) ("Notwithstanding chapter 33 of title 5, the Secretary may designate such other officers of the Department in further order of succession *to serve as Acting Secretary*.") (emphasis added); *see also* Pls.' Ex. 1 at 3 (invoking the authority of the FVRA and 6 U.S.C. § 112 for Delegation 00106 as a whole); Pls.' Ex. 2 at 3 (same); *see also generally* Pls.' Ex. 1 (invoking 6 U.S.C. § 113(g)(2) only with regard to Annex A).

5. Defendants admit that Annex U to Delegation 00106 was revised on February 15, 2019. Defendants deny that the revision to Annex U was made under the authority of 6 U.S.C. § 113(g)(2). *See* Pls.' Ex. 2 at 25 (stating the revised order of succession and delegation of authority for the Office of Strategy, Policy, & Plans without invoking 6 U.S.C. § 113(g)(2)); 6 U.S.C. § 113(g)(2) ("Notwithstanding chapter 33 of title 5, the Secretary may designate such other officers of the Department in further order of succession *to serve as Acting Secretary*.") (emphasis added); *see also* Pls.' Ex. 1 at 3

(invoking the authority of the FVRA and 6 U.S.C. § 112 for Delegation 00106 as a whole); Pls.' Ex. 2 at 3 (same); *see also generally* Pls.' Ex. 1 (invoking 6 U.S.C. § 113(g)(2) only with regard to Annex A).

6. Defendants admit that Revision 8.4 of Delegation 00106 states "In case of the Secretary's death, resignation, or inability to perform the functions of the Office, the orderly succession of officials is governed by Executive Order 13753, amended on December 9, 2016." Pls.' Ex. 2, at 1 ¶ II.A. Defendants deny that the cited provision, which was put in place by Secretary Johnson during his tenure, reflects any exercise of authority by Secretary Nielsen. *See id.* at 3.

7. Defendants admit that Revision 8.4 of Delegation 00106 states "I hereby delegate to the officials occupying the identified positions in the order listed (Annex A), my authority to exercise the powers and perform the functions and duties of my office, to the extent not otherwise prohibited by law, in the event I am unavailable to act during a disaster or catastrophic emergency." Pls.' Ex. 2, at 1 ¶ II.B. Defendants deny that the cited provision, which was put in place by Secretary Johnson during his tenure, reflects any exercise of authority by Secretary Nielsen. *See id.* at 3.

8. Defendants admit that on February 15, 2019, the order of succession for Acting Secretary of Homeland Security listed in Executive Order 13753 and the order for delegation of authority listed in Annex A were the same. *See* Pls.' Ex. 4, EO 13753, 81 Fed. Reg. 90667; Pls.' Ex. 2 at 5. In both documents the order of the first four positions for succession was: 1) Deputy Secretary of Homeland Security; 2) Under Secretary for Management; 3) Administrator of the Federal Emergency Management Agency; and 4) Under Secretary for National Protection and Programs. *Id.*

9. Defendants admit that the position of "Under Secretary for National Protection Programs" was renamed the "Director of Cybersecurity and Infrastructure Security," on November 16, 2018. See U.S.C. § 652(a)-(b).

10. Defendants deny that Revision 8.4 of Delegation 00106, February 15, 2019, states that individuals acting in the positions listed in Annex A are ineligible to serve as Acting Secretary. Section II.G states, "Only officials specifically designated in the order of succession for each of the named positions in *Annexes B through AC* are eligible, subject to modification in accordance with Section II.I. Unless formally appointed by the Secretary, persons appointed on an acting basis, or on some other temporary basis, are ineligible to serve as a successor; therefore, the order of succession would fall to the next designated official in the approved order of succession." Pls.' Ex. 2 at 2, ¶ II.G (emphasis added). Defendants admit that EO 13753 states, "No individual who is serving in an office listed in subsection (a) in an acting capacity, by virtue of so serving, shall act as Secretary pursuant to this section."

11. Defendants admit that Secretary Nielsen dated her letter of resignation from the position of Secretary of Homeland Security, April 7, 2019. Pls.' Ex. 5, Nielsen Resignation Letter, April 7, 2019. Defendants also admit that Secretary Nielsen served in her position until April 10, 2019. *See* Declaration of Juliana J. Blackwell (Blackwell Decl.) ¶ 9; Declaration of Neal J. Swartz (Swartz Decl.), Ex. 1.

12. Defendants admit that 6 U.S.C. § 113(g)(1) provides that if both the Secretary and the Deputy Secretary are unavailable to exercise the duties of the Office of the Secretary, the Under Secretary for Management "shall serve as the Acting Secretary." 6 U.S.C.

§ 113(g)(1). Defendants also admit that on April 7, 2019, Claire Grady was the Senate-confirmed Under Secretary for Management and the acting Deputy Secretary. Defendants further admit that Ms. Grady offered her resignation April 9, 2019 effective April 10, 2019.

13. Defendants admit Kirstjen Nielsen served as Secretary of Homeland Security between December 5, 2017 and April 10, 2019. Blackwell Decl. ¶ 9; Swartz Decl., Ex. 1.

14. Defendants admit that Secretary Nielsen amended the order of succession for the office of the Secretary on April 9, 2019 before officially resigning her position on April 10, 2019. *See* Pls.' Ex. 16, Memorandum to Secretary Nielsen from General Counsel John M. Mitnick and Secretary's signed Amendment to Addendum A; *see also* Pls.' Ex. 1 at 1-5. Defendants deny that Secretary Nielsen's April 9, 2019 amendment maintained two different orders of succession based on the reason for a vacancy in the Office of the Secretary. Secretary Nielsen's invocation of her authority to set an order of succession without limitation based on the reason for the vacancy and notwithstanding the requirements of the FVRA, 6 U.S.C. § 113(g)(1)-(2), displaced the application of EO13753 as a matter of law, *see* Pls.' Ex. 4, EO 13753 (invoking authority to establish an order of succession under the FVRA). Moreover, there is no indication in her unqualified statement of that invocation that Secretary Nielsen intended to limit that amended order of succession to any specific circumstances. *See* Pls.' Ex. 16; Pls.' Ex. 1 at 5; 6 U.S.C § 113(g)(1)-(2).

15. Defendants admit that Secretary Nielsen did not amend EO 13753, as it is an Executive Order beyond the authority of a Department Secretary to alter. *See generally* EO 13753. Defendants deny that EO 13753 continued to govern the order

of succession for vacancies in the Office of the Secretary of Homeland Security created by the Secretary's death, resignation, or inability to perform the functions of the office. Secretary Nielsen's April 9, 2019 order invoked for the first time her authority to set an order of succession under 6 U.S.C. § 113(g). *See* Pls.' Ex. 16; Pls.' Ex. 1 at 5; *see generally* Pls.' Ex. 2. Section 113(g)(1) requires that the Under Secretary for Management serve as the Acting Secretary if neither the Secretary nor the Deputy Secretary can serve "by reason of absence, disability, *or vacancy*" without limitation and § 113(g)(2) permits the Secretary to "designate such other officers of the Department in further order of succession to serve as Acting Secretary," also without limitation and notwithstanding the FVRA. Thus by operation of law Secretary Nielsen's April 9, 2019 order displaced the operation of EO 13753.

16. Defendants admit that Secretary Nielsen amended Annex A to Delegation 00106 on April 9, 2019. Defendants deny that the April 9, 2019 order only changed the order of succession and delegation of authority in those situation in which the Secretary is unavailable to act because of a disaster or catastrophic emergency. Secretary Nielsen's April 9, 2019 order invoked for the first time her authority to set an order of succession under 6 U.S.C. § 113(g). *See* Pls.' Ex. 16; Pls.' Ex. 1 at 5; *see generally* Pls.' Ex. 2. Section 113(g)(1) requires that the Under Secretary for Management serve as the Acting Secretary if neither the Secretary nor the Deputy Secretary can serve "by reason of absence, disability, *or vacancy*" without limitation and § 113(g)(2) permits the Secretary to "designate such other officers of the Department in further order of succession to serve as Acting Secretary," also without limitation and

notwithstanding the FVRA. Thus by operation of law Secretary Nielsen's April 9, 2019 order displaced the operation of EO 13753.

17. Defendants admit that Kevin McAleenan, the Senate-confirmed Commissioner of U.S. Customs and Border Protection, was sworn in as Acting Secretary pursuant to the April 9, 2019 order by Secretary Nielsen upon her resignation on April 10, 2019. *See* Swartz Decl., Ex. 1.

18. Defendants admit that on November 8, 2019, Acting Secretary McAleenan amended Section II.A of Delegation 00106 to state "Section II.A of DHS Delegation No. 00106, DHS Orders of Succession and Delegations of Authorities for Named Positions, is amended to state as follows: 'In case of the Secretary's death, resignation, or inability to perform the functions of the Office, the order of succession of officials is governed by Annex A.'" Pls.' Ex. 8, Amendment of the Order of Succession for the Secretary of Homeland Security, November 8, 2019. The amendment invoked the authority of 6 U.S.C. § 113(g)(2). *Id.* In addition to amending the text of Section II.A, the amendment changed the positions listed in Annex A from those listed in Secretary Nielsen's April 2019 Amendment. *Compare* Pls.' Ex. 8 at 5 *with* Pls.' Ex. 1 at 5.

19. Defendants admit that the order of succession in Annex A as revised by Acting Secretary McAleenan on November 8, 2019 was as follows: 1) Deputy Secretary of Homeland Security; 2) Under Secretary for Management; 3) Commissioner of U.S. Customs and Border Protection; 4) Under Secretary for Strategy, Policy, and Plans; 5) Administrator and Assistant Secretary of the Transportation Security Administration; 6) Administrator of the Federal Emergency Management Agency. *See* Pls.' Ex. 8;

Pls.' Ex. 9, DHS Orders of Succession and Delegation of Authorities for Named Positions, Revision 8.6, at 5

20. Defendants admit that Mr. McAleenan resigned as both Acting Secretary and Commissioner of U.S. Customs and Border Protection on November 13, 2019. Defendants also admit that on November 13, 2019, Chad Wolf, the Senate-confirmed Under Secretary for Strategy, Policy, and Plans, assumed the role of Acting Secretary pursuant to Mr. McAleenan's November 8, 2019 order.

21. Defendants admit that on November 15, 2019, Congresspeople Bennie G. Thompson and Carolyn B. Maloney sent a letter to Comptroller General Gene Dodaro expressing their belief that Mr. McAleenan, and subsequently Acting Secretary Wolf, might have been improperly appointed. *See* Pls.' Ex. 10, Letter from Thompson and Maloney to Dodaro, Nov. 15, 2019.

22. Defendants admit that the authors of the letter expressed their belief that Mr. McAleenan and Acting Secretary Wolf may have been appointed in a manner that did not comply with the Federal Vacancies Reform Act. *See* Pls.' Ex. 10. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that the authors expressed an opinion that these appointments violated the Homeland Security Act. *See* Pls.' Ex. 10.

23. Defendants admit that the Government Accountability Office published a Report responding to the Congresspeoples' letter on August 14, 2020. Pls.' Ex. 3, GAO Decision: Legality of Service of Acting Secretary of Homeland Security and Service of Senior Official Performing the Duties of Deputy Secretary of Homeland Security,

at 1-2. Defendants further admit that the GAO report assessed the legality of service of Acting Secretary Wolf and of Kenneth Cuccinelli as Senior Officer Performing the Duties of Deputy Secretary of Homeland Security. *See generally id*. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that the conclusions of the GAO report are legally correct.

24. Defendants admit that the GAO Report states: "In the case of vacancy in the positions of Secretary, Deputy Secretary, and Under Secretary for Management, the HSA provides a means for an official to assume the title of Acting Secretary pursuant to a designation of further order of succession by the Secretary." Pls.' Ex. 3 at 11.

25. Defendants admit that the GAO Report states: "Mr. McAleenan would have been the appropriate official had Secretary Nielsen been unavailable to act during a disaster or catastrophic emergency." Pls.' Ex. 3 at 7. Defendants further admit that this statement is based on the GAO's assessment of Secretary Nielsen's April 9, 2019 order. *See id.* Defendants deny that Mr. McAleenan could only serve as Acting Secretary under those circumstances pursuant to the April amendment. *See supra* ¶¶ 14-16. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted.

26. Defendants admit that the GAO Report states: "Secretary Nielsen resigned. A Secretary's resignation is addressed in E.O. 13753, not Annex A…. Applying the plain language of the April Delegation, the governing order of succession therefore,

should have been that provided under E.O. 13753 and not Annex A." Pls.' Ex. 3 at 7. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that the GAO's legal conclusion is correct. *See supra* ¶¶ 14-16.

27. Defendants admit that the GAO Report states: "The first previously confirmed official in the order of succession in E.O. 13753 was the Director of CISA," and that the individual in that position at the time of Secretary Nielsen's resignation was Christopher Krebs. Pls.' Ex. 3 at 8 & n.11. Defendants also admit that the GAO Report states that EO 13753 controlled the order of succession upon a Secretary's resignation at the time of Secretary Nielsen's resignation. *Id.* at 7-8. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that EO 13753 controlled the order of succession upon a Secretary's resignation at the time of Secretary Nielsen's resignation. *See supra* ¶¶ 14-16.

28. Defendants admit that the GAO Report states: "Mr. McAleenan assumed the title of Acting Secretary upon the resignation of Secretary Nielsen, but the express terms of the existing designation required another official to assume that title. As such, Mr. McAleenan did not have the authority to amend the Secretary's existing designation." Pls.' Ex. 3 at 11. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that the

operable order of succession at the time of Secretary Nielsen's resignation required an official other than Mr. McAleenan to assume the role of Acting Secretary. *See supra* ¶¶ 14-16. Defendants also deny that Mr. McAleenan lacked the authority to amend the order of succession in Delegation 00106 while serving as Acting Secretary. *See id.*

29. Defendants admit that the GAO Report states: "Accordingly, Messrs. Wolf and Cuccinelli were named to their respective positions of Acting Secretary and Senior Official Performing the Duties of Deputy Secretary by reference to an invalid order of succession," established by Mr. McAleenan. Pls.' Ex. 3 at 11. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that Mr. McAleenan lacked authority to amend the order of succession for the Office of the Secretary. Mr. McAleenan was properly serving as Acting Secretary at the time he amended the order of succession in November 2019 and consequently could exercise all of the powers of the Secretary's Office. *See supra* ¶¶ 14-16.

30. Defendants admit that the GAO Report states: "We are mindful that the timing of Secretary Nielsen's resignation the next day and the subsequent actions and statements of officials—such as Secretary Nielsen's farewell message to DHS12— may suggest that she intended for Mr. McAleenan to become the Acting Secretary upon her resignation. However, it would be inappropriate, in light of the clear express directive of the April Delegation, to interpret the order of succession based on post-hoc actions." Pls.' Ex. 3 at 9. Although Defendants admit that the contents of the

document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that Secretary Nielsen's intent to change the order of succession for Acting Secretary in all circumstances is only expressed in "post-hoc rationalizations." *See* Pls.' Ex. 16 (Secretary Nielsen's signed amendment and Memorandum signed April 9, 2019). Defendants also deny that Secretary Nielsen's immediate actions appointing Mr. McAleenan and expressing her intent to appoint Mr. McAleenan in a Department-wide press release the day after her April 9, 2019 order of succession became effective, *see* Pls.' Ex. 1 at 4, are irrelevant or inappropriate post-hoc evidence of the intent and proper interpretation of the amendment. *See* Blackwell Decl., Ex. 4, Press Release, Farewell Message from Secretary Kirstjen M. Nielsen (April 10, 2019). Defendants admit that the GAO Report states: "The April Delegation was the only existing exercise of the Secretary's authority to designate a successor pursuant to HSA. As such, Mr. McAleenan was not the designated Acting Secretary because, at the time, the Director of CISA was designated the Acting Secretary under the April Delegation." Pls.' Ex. 3 at 9. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants further admit that Secretary Nielsen's April 9, 2019 order was the only existing exercise of her authority under 6 U.S.C. § 113(g)(2). *See supra* ¶¶ 3-5. Defendants deny that EO 13753 controlled the order of succession for the resignation of the Secretary after Secretary Nielsen's April 9, 2019 order and consequently deny that

the CISA director was designated as the Acting Secretary by Revision 8.5 of Delegation 00106. *See supra* ¶¶ 14-16.

31. Defendants admit that the GAO Report states: "Mr. Wolf altered the order of succession for Deputy Secretary in the November Delegation to permit Mr. Cuccinelli to serve as the Senior Official Performing the Duties of Deputy Secretary.… Mr. McAleenan did not have the authority to alter the order of succession; therefore, Mr. Wolf also does not have the authority to alter it as well. The last valid order of succession to serve in that capacity was Annex B to the April Delegation, which did not include Mr. Cuccinelli's position." Pls.' Ex. 3 at 10-11. Although Defendants admit that the contents of the document are as described, the document speaks for itself and Defendants deny that the document in any way establishes the truth of the matter asserted. Defendants deny that Mr. McAleenan lacked authority as the properly appointed Acting Secretary to amend to the order of succession in November 2019. *See supra* ¶¶ 14-16. Consequently, Defendants deny that Acting Secretary Wolf lacked authority as the subsequent Acting Secretary to delegate the non-exclusive functions of the Office of the Deputy Secretary to Mr. Cuccinelli. *See id.*

32. Defendants admit that President Trump submitted Mr. Wolf's nomination as Secretary of Homeland Security to the Senate on September 10, 2020. *See* Blackwell Decl., Ex. 6 at 1.

33. Defendants admit that on September 10, 2020, Mr. Gaynor, the Senate-confirmed Administrator of FEMA, issued an order designating the order of succession for the Secretary "[b]y any authority vested in [him] as Acting Secretary," *See* Pls.' Ex. 12. Defendants also admit that the order of succession contained in Mr. Gaynor's Order

was the same order of succession as that contained in Mr. McAleenan's November 2019 order. *Compare id. with* Pls.' Ex.8. Defendants further admit that under the order of succession issued by Mr. Gaynor, Mr. Wolf would be the Acting Secretary upon issuance of that order. *See* Pls.' Ex. 12. Defendants further admit that, if Mr. McAleenan's service as Acting Secretary was improper and therefore he did not have authority to amend the order of succession in November 2019, Mr. Gaynor would have been the next Senate-confirmed individual in the order of succession under EO 13753 in September 2020. *See* EO 13753. Defendants further admit that under those circumstances Mr. Gaynor would have become eligible to serve as Acting Secretary upon the nomination of Mr. Wolf to the Senate as Secretary. *See* 5 U.S.C. § 3346(a)(2). Defendants are unable to confirm that the succession order signed on September 10, 2020 by Mr. Gaynor was signed after the submission of Mr. Wolf's nomination. Nevertheless, Mr. Gaynor issued a new succession order (establishing the same order) on November 14, 2020, Swartz Decl. Ex. 2, and Mr. Wolf issued an order ratifying Mr. McAleenan's promulgation of the Rule on November 16, 2020, Blackwell Decl. Ex. 7.

34. Defendants admit that on September 17, 2020, Acting Secretary Wolf issued a "Ratification of Actions Taken by the Acting Secretary of Homeland Security." Pls.' Ex. 11 at 2. Defendants also admit that the Ratification "affirm[ed] and ratif[ied] any and all actions involving delegable duties that [Acting Secretary Wolf had] taken from November 13, 2019, through September 10, 2020." *Id.* at 4. Defendants further admit that on November 16, 2020 Acting Secretary Wolf issued another ratification

"affirming and ratifying any and all actions involving delegable duties that [he had] taken from November 13, 2019 through November 14, 2020." Blackwell Decl. Ex 6.

35. Defendants admit that Acting Secretary Wolf's September 17, 2020 Ratification – as well as his reissued November 16, 2020 Ratification - state that because he is serving pursuant to 6 U.S.C. § 113(g)(2) and not the FVRA, neither the FVRA time limitations nor the prohibition on a nominee's acting service during the pendency of a nomination apply to his service. Pls.' Ex. 11 at 2; Blackwell Decl. Ex. 6 at 1. Defendants also admit that this is a correct statement of the operation of 6 U.S.C. § 113(g)(2), which authorizes an order of succession "notwithstanding" the FVRA. 6 U.S.C. § 113(g)(2); *see also* 5 U.S.C. § 3347(a)(1)(A). Defendants further admit that the Ratification states that § 113(g)(2) is an alternative to the authority of the FVRA to designate an Acting Secretary of Homeland Security. Pls.' Ex. 11 at 2. Defendants admit that when invoked, § 113(g)(2) displaces the FVRA as a matter of law. *See* 6 U.S.C. § 113(g)(1)-(2). Defendants further admit that Acting Secretary Wolf states in his Ratification that he is ratifying his prior acts as acting secretary "out of an abundance of caution" in light of the August 14, 2020 GAO Report. Pls.' Ex. 11 at 2. Defendants admit that the same assertions were made in Acting Secretary Wolf's November 16, 2020 Ratification. Blackwell Decl. Ex. 6.

36. Defendants admit that Acting Secretary Wolf's September 17, 2020 Ratification – as well as his reissued November 16, 2020 Ratification - state that if the orders of succession issued by Secretary Nielsen and Acting Secretary McAleenan did not permit Acting Secretary Wolf to lawfully serve, then Mr. Gaynor, as Senate-confirmed FEMA Administrator, would have become Acting Secretary under the

operation of EO 13753 upon the nomination of Acting Secretary Wolf to the Senate. Pls.' Ex. 11 at 3. Defendants further admit that Mr. Gaynor would have been the most senior officer in the order of succession established by EO 13753 if it applied on September 10, 2020. *See* Pls.' Ex. __(EO 13753); *see also supra* ¶ 33. Defendants also admit that the September 17, 2020 Ratification states that on September 10, 2020 Mr. Gaynor issued an order of succession for the office of the Secretary "out of an abundance of caution" to reestablish the order of succession established by Mr. McAleenan in his November 2019 succession order. Pls.' Ex. 11 at 3. Defendants admit that if Mr. McAleenan's and consequently Mr. Wolf's service prior to September 10 were improper, then Mr. Gaynor was designated as the Acting Secretary under EO 13753 and had authority to issue his amendment to the order of succession. *See supra* ¶ 33. Defendants further admit that the same analysis applies to grant Mr. Gaynor authority to issue his November 14, 2020 Order to the extent that Mr. Gaynor's September 10, 2020 Order was ineffective and EO 13753 continued to control the order of succession.

37. Defendants admit that Acting Secretary Wolf took action on October 7, 2020 to ratify eight specific action taken by Mr. McAleenan as Acting Secretary and one action taken by Mr. Joseph Edlow as USCIS Deputy Director for Policy. Pls.' Ex. 13, October 7, 2020 Ratification of Certain Actions, at 1, 4. Defendants further admit that the promulgation of the Rule was specifically ratified by Acting Secretary Wolf in the October 7, 2020 Ratification. *Id*. at 4. Defendants admit that Acting Secretary Wolf stated in the October 7, 2020 Ratification that he was ratifying the listed actions "[t]o avoid any possible uncertainty and out of an abundance of caution." *Id*. Defendants

  admit that Acting Secretary Wolf reissued the same Ratification, including specific ratification of the Rule, on November 16, 2020. Blackwell Decl., Ex. 7.

38. Defendants admit that all of Acting Secretary Wolf's Ratification memoranda identify 5 U.S.C. § 3345(a)(2) as the provision under which Mr. Gaynor became eligible to serve as the Acting Secretary. Pls.' Ex. 11 at 2; Pls.' Ex. 13 at 3. Defendants also admit that 5 U.S.C. § 3345(a)(2) states that: "the President (and only the President) may direct a person who serves in an office for which appointment is required to be made by the President, by and with the advice and consent of the Senate, to perform the functions and duties of the vacant office temporarily in an acting capacity subject to the time limitations of section 3346…" 5 U.S.C. § 3345(a)(2). Defendants also admit that neither the Ratification memoranda nor the Gaynor order state that the President has exercised that authority specifically in relation to Mr. Gaynor. *See* Pls.' Ex. 11; Pls.' Ex. 12; Pls.' Ex. 13. However, Defendants admit that the President already exercised the authority contained in § 3345(a)(2) by enacting the self-executing EO 13753 under which, to the extent it applied, Mr. Gaynor would automatically be eligible to assume the role of Acting Secretary on September 10, 2020. Defendants further admit that Mr. Gaynor's eligibility under those circumstances would have been triggered by Acting Secretary Wolf's nomination to the Senate by § 3346(a)(2). *See* § 3346(a)(2)

Dated:  November 17, 2020         Respectfully submitted,

AUDREY STRAUSS          JEFFREY BOSSERT CLARK
Acting United States Attorney      Acting Assistant Attorney General

                  ALEXANDER K. HAAS
                  Director, Federal Programs Branch

        BRIGHAM BOWEN
        Assistant Director, Federal Programs Branch

        /s/ *Keri L. Berman*
        ERIC J. SOSKIN
        Senior Trial Counsel
        KUNTAL V. CHOLERA
        JOSHUA M. KOLSKY
        JASON LYNCH
        ALEXANDRA SASLAW
        KERI L. BERMAN
        U.S. Dept. of Justice, Civil Division,
        Federal Programs Branch
        1100 L Street, N.W., Rm. 12002
        Washington, DC 20001
        Phone: (202) 305-7664
        Fax: (202) 616-8470
        Email: keri.l.berman@usdoj.gov

        *Counsel for Defendants*