**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF CONNECTICUT, and STATE OF VERMONT,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; CHAD F. WOLF, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH T. CUCCINELLI II, *in his official capacity as Acting Director of United States Citizenship and Immigration Services*; and UNITED STATES OF AMERICA,<br><br>        Defendants. | **CIVIL ACTION NO.**<br>**19 Civ. 07777 (GBD)**<br>**(OTW)** |
| MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, ASIAN AMERICAN FEDERATION, CATHOLIC CHARITIES COMMUNITY SERVICES, and CATHOLIC LEGAL IMMIGRATION NETWORK, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>KEN CUCCINELLI, *in his official capacity as Acting Director of United States Citizenship and Immigration Services*; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; CHAD F. WOLF, *in his official capacity as Acting Secretary of Homeland Security*; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>        Defendants. | **SO ORDERED:**<br><br>Next joint status letter due January 15, 2021.<br><br>*[signature]*<br>_____<br>**Ona T. Wang**    12/15/20<br>United States Magistrate Judge<br><br>**CIVIL ACTION NO.**<br>**19 Civ. 07993 (GBD)**<br>**(OTW)** |

**JOINT STATUS LETTER**

Pursuant to this Court's orders dated October 23, 2020, *Make the Road New York, et al.* v. *Cuccinelli, et al.*, No. 19 Civ. 7993 (GBD) (OTW) ("*MRNY*") ECF No. 264 & 265; *State of New York, et al.* v. *U.S. Dep't of Homeland Security, et al.*, 19-

cv-7777 (GBD) (OTW) ("*State of New York*") ECF No. 236 & 237, the parties, by and through their respective counsel, hereby submit this joint status letter to identify disputed issues regarding discovery and report on defendants' progress regarding the privilege log.

I.  **Disputes Concerning Initial Disclosures**

On October 23, 2020, this Court issued a scheduling order, *MRNY* ECF No. 264; *State of New York* ECF No. 236 (the "Scheduling Order"), requiring the parties to exchange initial disclosures by November 6, 2020. The Scheduling Order directed defendants to file a brief by close of business on October 26, 2020 if they intended to oppose the production of initial disclosures. *Id.* Defendants chose not to file such a brief.

On November 6, 2020, the parties exchanged initial disclosures pursuant to the Scheduling Order. In their initial disclosures, plaintiffs collectively identified 27 persons likely to have discoverable information and provided descriptions and locations of potentially relevant documents. *See* Exs. A & B. Defendants, in their initial disclosures, stated that they "have not identified any individuals likely to have discoverable information that defendants may use to support their defenses in this action." Ex. C at 2. Defendants further stated that "[a]t this time, Defendants expect to rely on the administrative record to support their defenses." *Id.*

Plaintiffs have informed defendants that they do not believe defendants' initial disclosures comply with the Scheduling Order or with Federal Rule of Civil Procedure 26(a)(1). It is unclear to defendants why plaintiffs believe defendants' initial disclosures are deficient. In a letter to defendants' counsel, plaintiffs' counsel argued that defendants must "disclose relevant witnesses and categories of documents." In a response letter, defendants explained that, in 2000, "[t]he Rule 26(a)(1) initial disclosure

2

provisions [were] amended" to, among other things, narrow "[t]he scope of the disclosure obligation . . . to cover only information that the disclosing party may use to support its position." *See* Advisory Committee Notes to 2000 Amendments to Fed. R. Civ. P. 26. Since those amendments, "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id.*; *see also* 6 Moore's Federal Practice - Civil § 26.22 (2020) ("The 2000 amendments eliminated the requirements that the parties disclose information concerning individuals or documents that might be detrimental to their cases or that might have knowledge or contain information 'relevant to disputed facts alleged with particularity in the pleadings,' even though the disclosing party had no intention of using the individual or document in the presentation of its case."); *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. 2015) ("Rule 26(a)(1)(A)(i) requires identification of persons that a party 'may use' to support its claims or defenses, not everyone with knowledge about the subject matter."), *objections overruled by* 325 F.R.D. 55 (S.D.N.Y. 2018); *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003).[1] Plaintiffs did not respond to defendants' letter and have not explained why they believe defendants' initial disclosures are non-compliant with Rule 26 or the Scheduling Order.

---

[1] *See also, e.g., Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) ("[A] party is not obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." (citation and internal quotation marks omitted)); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 620 (C.D. Cal. 2013) ("[E]ven if a party possesses evidence relevant to its claims or defenses, the party is not required to disclose it under Rule 26 if the party does not intend to use the evidence to support its claims or defenses."); *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001) (same).

Plaintiffs reserve all rights to seek an order prohibiting defendants from calling any witnesses at trial in addition to any other appropriate relief. *See Greifman* v. *Grossman & Karaszewski, PLLC*, No. 19-CV-04625 (PMH), 2020 WL 1659750, at *3 (S.D.N.Y. Apr. 3, 2020) (limiting plaintiff's evidence at trial to witnesses and documents referenced in defendants' initial disclosures where plaintiff failed to serve initial disclosures and argued she "will rely only on [defendant's] initial disclosures.").

II. **Privilege Logs**

Defendants produced their most recent privilege log and an appendix containing information about the individuals listed in the log on November 27, 2020. Plaintiffs are reviewing the log and the appendix.

Defendants report that, as of December 2, 2020, 49,439 documents have been batched for review in the Department of Justice document review platform. 49,363 (i.e., 99.8%) of those documents have undergone an initial review. There are currently 4,497 documents that require final review by agency counsel and, as necessary, by counsel at the Department of Justice. In addition, defendants have identified hundreds of documents containing third party equities which require consultation with third parties, in part to obtain information about employees of other agencies as required by the Court's October 23, 2020 Order.

III. **Confidentiality Order**

The parties are conferring about the scope of a confidentiality order of which they plan to jointly seek entry.

IV. **Document Requests**

On December 2, 2020, Plaintiffs served their First Request for the Production of Documents to Defendants containing 18 document requests.

V.      **Settlement Conference**

The parties do not wish to schedule a settlement conference at this time.

Dated:  New York, New York
        December 2, 2020

By: */s/ Jonathan H. Hurwitz*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Andrew J. Ehrlich
Jonathan H. Hurwitz
Elana R. Beale
Robert J. O'Loughlin
Daniel S. Sinnreich
Amy K. Bowles
Leah J. Park

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
ebeale@paulweiss.com
roloughlin@paulweiss.com
dsinnreich@paulweiss.com
abowles@paulweiss.com
lpark@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Ghita Schwarz
Baher Azmy

666 Broadway
7th Floor
New York, New York  10012
(212) 614-6445

5

gschwarz@ccrjustice.org
bazmy@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Susan Cameron, Supervising Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration Law Unit


199 Water Street, 3rd Floor
New York, New York 10038
(646) 234-4326
Sewelber@legal-aid.org
Kkelleher@legal-aid.org
Scameron@legal-aid.org
Hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African Services Committee, Asian American Federation, Catholic Charities Community Services (Archdiocese of New York), and Catholic Legal Immigration Network, Inc.*


**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Ming-Qi Chu*_____
Ming-Qi Chu
*Section Chief, Labor Bureau*
Matthew Colangelo
*Chief Counsel for Federal Initiatives*
Elena Goldstein,
*Deputy Chief, Civil Rights Bureau*
Amanda Meyer, *Assistant Attorney General*
Abigail Rosner, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-8689
Ming-qi.chu@ag.ny.gov

6

*Attorneys for the States of New York, Connecticut, and Vermont and the City of New York*

AUDREY STRAUSS
Acting United States Attorney
JEFFREY BOSSERT CLARK
Acting Assistant United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch

By: */s/ Keri L. Berman*
ERIC J. SOSKIN
Senior Trial Counsel
KERI L. BERMAN
KUNTAL V. CHOLERA
JOSUA M. KOLSKY, DC Bar No. 993430
U.S. Dep't of Justice, Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12002
Washington, DC 20001
Phone: (202) 305-7664
Fax: (202) 616-8470
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*