

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Keri Berman  
Trial Attorney

Tel.: (202) 305-7538  
E-mail: keri.l.berman@usdoj.gov

January 25, 2020

Hon. George B. Daniels  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1310  
New York, NY 10007

        Re:    Response to Plaintiffs' Notice of Supplemental Authority in *New York v. U.S. Department of Homeland Security*, No. 19-7777, and *Make the Road New York v. Cuccinelli*, No. 19-7993

Dear Judge Daniels:

      I represent the Defendants in the above-captioned matters. I write to respond to Plaintiffs' Notice of Supplemental Authority, *New York v. Dep't of Homeland Security*, No. 19-cv-7777, ECF No. 260. For the reasons covered in detail in Defendants' Memorandum in Support of their Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Partial Motion to Dismiss, ECF No. 249, and Defendants' Reply in Support of their Motion to Dismiss, ECF No. 259, Defendants respectfully dispute the analysis and conclusions of the Northern District of California in *Pangea Legal Servs. v. Dep't of Homeland Security*, 2021 WL 75756 (N.D. Cal. Jan, 8, 2021), regarding the service of former Acting Secretaries McAleenan and Wolf.

      Additionally, Defendants dispute the *Pangea* court's – and Plaintiffs' – implication that Defendants' arguments related to the Federal Vacancies Reform Act lack a good faith basis merely because courts in other cases in other districts have ruled against the Defendants on those arguments. That position simply does not comport with the structure of the federal court system. It is beyond dispute that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case," and therefore parties are entitled to test their reasoned arguments in other suits even if a similar or even identical issue has already been decided by a different court. *Camreta v.*

*Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)). The implication of the *Pangea* court's statement, that a handful of non-binding district court decisions can foreclose a party's right to put forward a claim or defense in a different case, creates a similar concern to that raised by the concurring justices when the nationwide injunction in this case was stayed by the Supreme Court. *See Dep't of Homeland Security v. New York*, 140 S. Ct. 590, 600-01 (2020). The federal court "system encourages multiple judges and multiple circuits to weigh in only after careful deliberation, a process that permits the airing of competing views that aids [the Supreme] Court's own decisionmaking process." *Id*. at 600. Meanwhile, the *Pangea* court's view runs directly contrary to the generally understood structure of federal district courts and encourages forum shopping and races to judgment. *Cf. id.* at 600-01.

                                                          Respectfully submitted,

                                                                 /s/
                                                       Keri L. Berman

CC: All Counsel of record via ECF.