

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Keri Berman  Tel.:  (202) 305-7538
Trial Attorney  E-mail:  keri.l.berman@usdoj.gov

March 10, 2021

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

      Re:    Agency Action Pertinent to *New York v. U.S. Department of Homeland Security*, No. 19-7777, and *Make the Road New York v. Renaud*[1], No. 19-7993

Dear Judge Daniels:

      I represent the defendants in the above-captioned case. As Defendants reported previously, on February 2, 2021, the President issued an Executive Order addressing issues pertinent to this action, titled Executive Order on Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans.  The Executive Order directs heads of relevant agencies, including the Secretary of Homeland Security, to review agency actions related to implementation of the public charge ground of inadmissibility, 8 U.S.C. § 1182(a)(4)(A), in light of the policy set forth in the Executive Order and certain other considerations.

      Defendants hereby notify the Court that, yesterday (March 9, 2021), DHS released a statement indicating that (i) it "has determined that continuing to defend the final rule, Inadmissibility on Public Charge Grounds . . . is neither in the public interest nor an efficient use of limited government resources," (ii) the Department of Justice is no longer "pursu[ing] appellate review of judicial decisions invalidating or enjoining enforcement of the 2019 Rule," and (iii) "[o]nce the previously entered judicial invalidation of the 2019 Rule becomes final, the 1999

---

[1] Tracy Renaud, Senior Official Performing the Duties of the Director of USCIS, is substituted as defendant under Rule 25(d) of the Federal Rules of Civil Procedure.

Case 1:19-cv-07777-GBD-OTW   Document 283   Filed 03/10/21   Page 2 of 2

- 2 -

interim field guidance on the public charge inadmissibility provision (i.e., the policy that was in place before the 2019 Rule) will apply." Ex. A.

Consistent with DHS's statement, Defendants in another action related to the Final Rule, *ICIRR v. Mayorkas*, 19-cv-6334 (N.D. Ill.), filed a motion to voluntarily dismiss their appeal of the Court's Order granting Plaintiffs' Motion for Summary Judgment (ECF No. 221). *See* Unopposed Motion to Voluntarily Dismiss, No. 20-3150, ECF No. 23 (7th Cir. March 9, 2021). The Seventh Circuit promptly granted this motion, and concurrently issued its mandate. *See* Order Dismissing Appeal, No. 20-3150, ECF No. 24-1 (7th Cir. March 9, 2021); Notice of Issuance of Mandate, No. 20-3150, ECF No. 24-2 (7th Cir. March 9, 2021).

Shortly afterwards, DHS issued another statement, confirming that "[f]ollowing the Seventh Circuit dismissal," the "final judgment from the Northern District of Illinois, which vacated the 2019 public charge rule, went into effect" and, "[a]s a result, the 1999 interim field guidance on the public charge inadmissibility provision (i.e., the policy that was in place before the 2019 public charge rule) is now in effect." Ex. B.

Pursuant to the vacatur of the Final Rule, the condition of this Court's February 22, 2021 Order, *New York v. DHS*, 19-cv-7777, ECF No. 276, entering a stay of proceedings for up to 90 days upon agreement that "no agency action will be taken during that period of time to enforce or apply the public charge rule at issue in this litigation," has been met.

                        Respectfully submitted,

                        /s/
                        Keri L. Berman

CC: All Counsel of record via ECF.