March 15, 2022

Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl St., Courtroom 20D
New York, NY 10007-1312

Re:    *State of New York, et al. v. U.S. Department of Homeland Security, et al.*, 19 Civ.
       7777 (GBD) (OTW) (*"State of New York"*); *Make the Road New York, et al.* v.
       *Tracy Renaud, et al.*, No. 19-cv-7993 (GBD)(OTW) (*"MRNY"*)

Dear Judge Wang,

       Pursuant to the Court's November 22, 2021 Order, *State of New York* ECF No. 308,
*MRNY* ECF No. 328, the parties, by and through their respective counsel, hereby submit this
joint status letter.

       On March 10, 2021, defendants notified the Court that the public charge rule[1] (the
"Rule") would no longer be enforced or applied.  *State of New York* ECF No. 283, *MRNY* ECF
No. 305.  On March 11, the Court granted defendants' request for a stay.  *State of New York* ECF
No. 286, *MRNY* ECF No. 308.  On May 21, 2021, the parties submitted a joint status letter
requesting an extension of the stay given the ongoing proceedings related to the Rule in the
Ninth Circuit and the Seventh Circuit.  *State of New York* ECF No. 296, *MRNY* ECF No. 317.
On May 24, the Court extended the stay until August 23, 2021.  *State of New York* ECF No. 298,
*MRNY* ECF No. 319.  On August 18, 2021, the parties submitted a joint status letter again
requesting an extension of the stay given the ongoing proceedings related to the Rule, *State of
New York* ECF No. 304, *MRNY* ECF No. 325, and the Court extended the stay until November
22, 2021, *State of New York* ECF No. 305, *MRNY* ECF No. 326.  On November 17, 2021, the
parties submitted a joint status letter again requesting an extension of the stay given the ongoing
proceedings related to the Rule, *State of New York* ECF No. 307, *MRNY* ECF No. 327, and the
Court extended the stay until March 22, 2021, *State of New York* ECF No. 308, *MRNY* ECF No.
328.  Thus, these consolidated actions are currently stayed.

       The parties request that the Court further extend the stay for 120 days, i.e. until July 20,
2022, and direct the parties to file a joint status letter by July 14, 2022 to update the Court, and, if
warranted, request a further extension of the stay.  Extending the stay until July 20 is warranted
given the issuance of a notice of proposed rulemaking by Defendant Department of Homeland
Security ("DHS") regarding public charge, and the ongoing proceedings discussed below.

DHS Rulemaking

       On August 23, 2021, DHS published an advanced notice of proposed rulemaking "to seek
broad public feedback on the public charge ground of inadmissibility that [would] inform its

---

[1] Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019).

development of a future regulatory proposal" (the "ANPRM").[2]  On October 22, 2021, Plaintiffs in *State of New York*, along with 17 other states and the District of Columbia, submitted a comment in response to the ANPRM.[3]  Plaintiffs and certain of their counsel in *MRNY* also submitted comments.[4]

On February 24, 2022, DHS published a notice of proposed rulemaking "to prescribe how it determines whether a noncitizen is inadmissible to the United States under section 212(a)(4) of the Immigration and Nationality Act (INA) because they are likely at any time to become a public charge," and requested comments on or before April 25, 2022 (the "NPRM").[5]

Ninth Circuit

On June 18, 2021, several States, led by Arizona, filed a petition for a writ of certiorari in the Supreme Court with respect to the Ninth Circuit's denial of their motion for leave to intervene to defend the Rule and argue in favor of its validity.  *Arizona, et al., Petitioners v. City and County of San Francisco, et al.*, No. 20-1775.  On October 29, 2021, the Supreme Court granted certiorari limited to Question 1 presented by the petition—i.e. "[w]hether States with interests should be permitted to intervene to defend a rule when the United States ceases to defend."  The Supreme Court heard oral argument on the matter on February 23, 2022, and a decision will likely be issued by late June 2022.

Seventh Circuit

On July 22, 2021, the U.S. District Court for the Northern District of Illinois held a hearing on the motions of several States, led by Texas, (i) to intervene in litigation challenging the Rule, and (ii) for relief from the court's grant of partial summary judgment in favor of plaintiffs pursuant to Fed. R. Civ. P. 60(b).  *Cook County Illinois et al. v. Wolf et al.*, 19-cv-6334 ("*Cook County*").  *Cook County* ECF No. 280.  On August 17, 2021, the Court denied the motions.  *Cook County* ECF Nos. 284, 285.

On August 20, 2021, the purported intervenors filed an appeal of the decision to the Seventh Circuit.  *Cook County* ECF Nos. 284, 285.  Appellants filed their opening brief on November 3, 2021.  *Cook County, Illinois, et al. v. State of Texas, et al.*, No. 21-2561.  Appellees

---

[2] Public Charge Ground of Inadmissibility, 86 Fed. Reg. 47,025 (Aug. 23, 2021).
[3] State of California & State of New York, et al., Comment Letter on Anticipated Notice of Proposed Rulemaking (Oct. 22, 2021), https://www.regulations.gov/comment/USCIS-2021-0013-0116.
[4] Make the Road New York, Comment Letter on Anticipated Notice of Proposed Rulemaking (Oct. 22, 2021), https://www.regulations.gov/comment/USCIS-2021-0013-0117; The Legal Aid Society, Comment Letter on Anticipated Notice of Proposed Rulemaking (Oct. 22, 2021), https://www.regulations.gov/comment/USCIS-2021-0013-0179; Catholic Charities Community Services, NY, et al., Comment Letter on Anticipated Notice of Proposed Rulemaking (Oct. 22, 2021), https://www.regulations.gov/comment/USCIS-2021-0013-0135; Catholic Legal Immigration Network, Inc., Comment Letter on Anticipated Notice of Proposed Rulemaking, https://www.regulations.gov/comment/USCIS-2021-0013-0130.
[5] Public Charge Ground of Inadmissibility, 87 Fed. Reg. 10,570 (Feb. 24, 2022).

Page 3

filed their response on January 18, 2022, and Appellants filed their reply on March 10, 2022. Oral argument is currently scheduled for April 13, 2022.

Respectfully submitted,

**LETITIA JAMES**
*Attorney General of the State of New York*

By: */s/ Amanda Meyer*
Amanda Meyer, *Assistant Attorney General*
Judith N. Vale, *Assistant Deputy Solicitor General*
Abigail Katowitz, *Assistant Attorney General*
Office of the New York State Attorney General
New York, New York 10005
Phone:  (212) 416-6225
amanda.meyer@ag.ny.gov

*Attorneys for the States of New York, Vermont, and Connecticut and City of New York*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Jonathan H. Hurwitz*
Jonathan H. Hurwitz
Andrew J. Ehrlich
Daniel S. Sinnreich
Leah J. Park
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
aehrlich@paulweiss.com
jhurwitz@paulweiss.com
dsinnreich@paulweiss.com
lpark@paulweiss.com

**CENTER FOR CONSTITUTIONAL RIGHTS**
Baher Azmy
Elsa Mota
666 Broadway
7th Floor
New York, New York 10012
(212) 614-6445
bazmy@ccrjustice.org

emota@ccrjustice.org

**THE LEGAL AID SOCIETY**
Susan E. Welber, Staff Attorney, Law Reform Unit
Kathleen Kelleher, Staff Attorney, Law Reform Unit
Hasan Shafiqullah, Attorney-in-Charge, Immigration
Law Unit
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3320
sewelber@legal-aid.org
kkelleher@legal-aid.org
hhshafiqullah@legal-aid.org

*Attorneys for Plaintiffs Make the Road New York, African
Services Committee, Asian American Federation,
Catholic Charities Community Services (Archdiocese of
New York), and Catholic Legal Immigration Network,
Inc.*

DAMIAN WILLIAMS
United States Attorney

BRIAN D. NETTER
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

By: */s/ Joshua M. Kolsky*

KUNTAL V. CHOLERA
JOSHUA M. KOLSKY, DC Bar No. 993430
U.S. Dep't of Justice, Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12002
Washington, DC 20001
Phone: (202) 305-7664
Fax: (202) 616-8470
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

cc:      All Counsel of record via ECF